Clare J. WITHERSPOON, Appellee,

v.

WAL–MART STORES, INC., Appellant.

Superior Court of Pennsylvania.

Argued Sept. 19, 2002.

Filed Dec. 30, 2002.

Patrick J. Doheny, Pittsburgh, for appellant.

David J. Eckle, Pittsburgh, for appellee.

Before: LALLY–GREEN, BENDER, and GRACI, JJ.

GRACI, J.

¶ 1 This is an appeal from a judgment on non-jury verdict entered in the Court of Common Pleas of Allegheny County on December 31, 2001 in favor of Appellee, Clare J. Witherspoon ("Witherspoon"), and against Appellant, Wal–Mart Stores, Inc. ("Wal–Mart"). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 On August 31, 2001, Witherspoon filed a complaint in the trial court's arbitration division alleging that injuries she sustained in a slip-and-fall incident at a Wal–Mart store in North Versailles, Pennsylvania were caused by Wal–Mart's failure to properly maintain the premises. A copy of the complaint was served upon an assistant manager at the store, however the complaint was mistakenly filed in an internal claim file Wal–Mart had created for the Witherspoon incident rather than being forwarded to Claims Management, Inc., the entity retained by Wal–Mart to handle such claims.

¶ 3 Wal–Mart did not file an answer, nor did it appear at the arbitration hearing on December 18, 2001. In accordance with Allegheny County Local Rule 1303,[1] Witherspoon proceeded immediately to a non-

jury trial and, following the taking of Witherspoon's testimony, the trial court entered a verdict against Wal–Mart in the amount of $25,000. Notice of the decision was mailed to the parties on the same day. On December 31, 2001, the trial court reduced the verdict to a judgment in response to Witherspoon's praecipe to enter judgment pursuant to Pa.R.C.P. 227.4(1)(a).[2] Notice of the December 31 judgment was mailed to the parties.

¶ 4 Wal–Mart's present counsel entered their appearance on January 3, 2002, and filed a petition to open default judgment on January 11, 2002. In its motion Wal–Mart contended that the misfiling of Witherspoon's complaint had essentially deprived Wal–Mart of notice of her claim and resulted in its failure to file an answer or appear at the arbitration hearing. The trial court denied the motion. The only record of the trial court's denial is the following handwritten notation, presumably made by the trial judge, below the caption on Wal–Mart's Petition to Open Judgment: "denied on procedural grounds—execution proceedings are stayed for 30 days. 1/11/02." In his 1925(a) opinion, the trial judge elaborated on his rationale, stating that he denied the petition since the judgment from which Wal–Mart sought relief was not a default judgment but rather a judgment entered following a non-jury trial. 1925(a) Opinion, at 3. The trial judge also indicated that he "suggested to defendant's counsel that he file a motion for post-trial relief." *Id.*

1. Pursuant to Pa.R.C.P. 1303(a)(2), Allegheny County Local Rule 1303 permits a judge to hear matters scheduled for arbitration when one or more of the parties does not appear for the arbitration hearing.

2. We note that there is no copy of the December 31 judgment in the certified record. The copy of Witherspoon's Praecipe to Enter

Judgment is date-stamped December 31, 2001, while the accompanying certificate of service, executed by Witherspoon's attorney, is dated December 28, 2001. The certificate of service indicates that a copy of the praecipe was sent directly to the Wal–Mart store in North Versailles, PA.

¶ 5 Wal–Mart filed post-trial motions on January 22, 2002, requesting a new trial or, alternatively, judgment notwithstanding the verdict. In support of its motion, Wal–Mart again argued that it had failed to answer Witherspoon's complaint or appear at the arbitration hearing because of the misfiling of the complaint, and, additionally, that there were certain defects in the record. Witherspoon did not object to Wal–Mart's post-trial motions. The trial court reviewed the allegations set forth by Wal–Mart and concluded that they could possibly support the grant of a new trial. Accordingly, the trial court issued the following order drafted by the parties:

> AND NOW, TO–WIT, THIS 25[th] DAY OF January, 2002, the parties have thirty days to develop a record and [Witherspoon] has ten days to respond. Argument on Petition to Open Judgment and Post-trial Motions to be heard March 8 at 10 A.M. Execution stayed pending further order of court.

On January 30, 2002, Wal–Mart filed a notice of appeal from the December 31 judgment.

¶ 6 In its 1925(b) Statement, Wal–Mart raised the following matters complained of on appeal:

1. The trial court committed an error of law and/or abuse of discretion in failing to vacate the December 31, 2001 judgment pending the resolution of post-trial motions, which divested the trial court's ability to make its ruling within the time constraints set forth in Title 42 section 5505.

2. As a matter of law, the record does not support the judgment in that:

a. The record does not reflect that the witnesses were sworn in; and

b. There is no evidence to support a liability finding against Wal–Mart Stores, Inc. because the only testimony was by the plaintiff affirmatively answering that the contents of the complaint (which was not an exhibit) were true and correct.

Rule 1925(b) Statement, 2/21/02.

¶ 7 The trial court acknowledged in its 1925(a) Opinion that Wal–Mart filed its notice of appeal to avoid expiration of the January 31 deadline imposed by Pa.R.A.P. 903(a).[3] The trial judge further explained that "[t]he thirty day appeal period could have been stayed if I had granted a motion for reconsideration. If I had been requested to do so, I would have issued an order granting reconsideration. Furthermore, if I, on my own, had recognized this problem, I would have directed [Wal–Mart] to file a motion for reconsideration." Opinion, at 4–5 (footnote omitted). The trial court concluded that, "[i]f there is a basis for doing so, the interests of justice would be served by finding that I committed an error of law/and or abused my discretion in failing to reconsider the December 31, 2001, judgment pending the resolution of post-trial motions." 1925(a) Opinion, at 5–6.

¶ 8 Wal–Mart raises the following single issue in its appellate brief: Whether the trial court committed an error of law in failing to reconsider the December 31, 2001, judgment pending the resolution of post-trial motions, which divested the trial court's ability to make its ruling within the time constraints set forth in Title 42 § 5505?

## II. DISCUSSION

██ ¶ 9 Although a trial court enjoys broad discretion in disregarding "any er-

---

**3.** Rule 903(a) provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

ror or defect of procedure which does not affect the substantial rights of the parties," Pa.R.C.P. 126, this axiom applies only to post-*trial* motions. *See Millard v. Nagle,* 402 Pa.Super. 376, 587 A.2d 10, 12 (1991), *order affirmed,* 533 Pa. 410, 625 A.2d 641 (1993) (absent objection by opposing party, trial court may review merits of issues "whenever original and/or supplemental post-*trial* motions are filed at a time where the trial court has jurisdiction over the matter but outside the ten day requirement of [Pa.R.C.P.] 227.1") (emphasis added). *See also Mammoccio v. 1818 Market Partnership,* 734 A.2d 23 (Pa.Super.1999), *reargument denied, appeal granted, case remanded,* 560 Pa. 248, 744 A.2d 265 (2000).

¶ 10 In this case, the time period for filing post-trial motions commenced on December 18, when the non-jury trial ended and the trial court entered a verdict against Wal–Mart. Once the December 31 judgment upon this verdict was entered, Wal–Mart's only courses of action were to file a direct appeal from, or a motion for reconsideration of, that judgment.

> As we have repeatedly stated, once a final order or judgment is entered, an appeal must be filed within thirty days or, the trial court must expressly grant reconsideration within thirty days. If either of these two events do not occur, the judgment is final and except for "extraordinary cause" is not subject to collateral attack by virtue of a petition to open and/or strike.

*Luckenbaugh v. Shearer,* 362 Pa.Super. 9, 523 A.2d 399, 402. *See also* Pa.R.A.P.

1701. With respect to the necessity of a timely order "expressly granting" reconsideration, "the establishment of a briefing schedule, hearing date, or issuance of a rule to show cause does not suffice." *Valley Forge Center v. Rib–It/K.P.,* 693 A.2d 242, 245 (Pa.Super.1997). *See also Valentine v. Wroten,* 397 Pa.Super. 526, 580 A.2d 757, 758 (1990), *appeal denied,* 527 Pa. 650, 593 A.2d 422 (1991) ("The fact that the trial court established a briefing schedule, hearing date and issuing a rule to show cause did not amount to an agreement to reconsider.").[4] Since Wal–Mart did not seek reconsideration by filing a motion requesting same within the thirty-day period, there can be no error in the trial court's failing to grant reconsideration.

¶ 11 We also reject Wal–Mart's argument that the trial court erred in failing to *sua sponte* reconsider and/or vacate the December 31 judgment. While it is true that pursuant to 42 Pa.C.S.A. § 5505 a trial court may *sua sponte* "modify or rescind any order within thirty days after its entry," *Stockton v. Stockton,* 698 A.2d 1334, 1337 (Pa.Super.1997), "the court's decision to decline to exercise such power will not be reviewed on appeal." *Id.* (citation omitted).

¶ 12 We observe, as well, that section 5505 contains another important exception to the trial court's authority to modify or rescind its order: "if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. In fact, once an appeal is taken, a trial court may no longer pro-

---

4. Extraordinary cause "is generally an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Luckenbaugh,* 523 A.2d at 402. Wal–Mart was clearly on notice of the judgment, as evidenced by its improper filing

of a petition to open default judgment. However, we need not decide whether Wal–Mart has demonstrated "extraordinary cause" here since it did not attempt to collaterally attack the judgment after the expiration of the thirty-day appeal period which rendered the judgment final. Wal–Mart's challenge came during the thirty-day period.

ceed further in a matter, Pa.R.A.P. 1701(a), except for the limited reasons set forth in Pa.R.A.P. 1701(b). Rule 1701(b) provides, in relevant part, that a trial court may

> [g]rant reconsideration of the order which is the subject of the appeal or petition, if: (i) an application for reconsideration of the order is filed in the trial court ... within the time provided or prescribed by law; and (ii) an order expressly granting reconsideration of such prior order is filed in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal....

Pa.R.A.P. 1701(b)(3). In anticipation of the exact problem presented in this appeal, where a party desires to challenge a trial court order and, at the same time, preserve its appellate rights, the official note to Pa.R.A.P. 1701 acknowledges that "the better procedure under this rule will be for a party seeking *reconsideration to file an application for reconsideration below and a notice of appeal, etc.*" Pa.R.A.P. 1701, Note.

¶ 13 Wal–Mart filed its notice of appeal from the December 31, 2001 judgment on January 30, 2002, the last day of the thirty-day appeal period. Had the notice of appeal been filed earlier in that period, the court below would have had until January 30, 2002 to act upon a reconsideration request. Here, no such request was made and, by the date the notice of appeal was filed, the trial court had no time in which to grant reconsideration. Notwithstanding the trial court's seemingly apologetic 1925(a) opinion, we find no basis for reviewing its failure to *sua sponte* reconsider the December 31 judgment.

¶ 14 Judgment affirmed.