J-A28030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| FEDERAL NATIONAL MORTGAGE ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS KAISER AND TIMOTHY KAISER | |
| Appellants | No. 3368 EDA 2014 |

Appeal from the Order Entered October 6, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2013-04661-RC

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.          **FILED JANUARY 12, 2016**

Appellants, Thomas and Timothy Kaiser, appeal from the order entered on October 6, 2014, by the Honorable Edward Griffith, Court of Common Pleas of Chester County, which denied Appellants' petition to open default judgment.  We affirm.

Plaintiff, Federal National Mortgage Association ("Fannie Mae"), commenced the underlying action in ejectment against Appellants after becoming the record owner of Appellants' former property through a sheriff's sale.  The trial court denied Appellants' preliminary objections.  Fannie Mae subsequently filed a motion for summary judgment.  On February 11, 2014, the trial court entered an order granting Fannie Mae's motion for summary judgment for Appellants' failure to respond.  Appellants did not file an appeal from the order within thirty days; thus, the order became final on March 13,

2014. *See* Pa.R.A.P. 903(a); *Simpson v. Allstate Ins. Co.*, 504 A.2d 335, 338 (Pa. Super. 2006) (*en banc*).

On July 30, 2014, 169 days after entry of the summary judgment order, Appellants filed an emergency petition to stay execution and a petition to open default judgment. In their petition to open, Appellants averred, "[a] default judgment for failure to file was entered on February 10, 2014, for Defendant's failure to plead a response to the Plaintiff's Motion for Summary Judgment." Defendants' Petition to Open Default Judgment, 7/30/14, at ¶ 1. The trial court subsequently entered an order staying all proceedings. Following a hearing, the trial court lifted the stay and entered an order denying Appellants' petition to open. This timely appeal followed.

On appeal, Appellants contend that the trial court erred in denying their petition to open. Specifically, Appellants claim that Fannie Mae did not have standing to bring the underlying ejectment action; thus, the trial court should have opened judgment so that the issue could be re-litigated.

Upon receipt of Appellants' notice of appeal, this Court noted that, on its face, the appeal appeared to be untimely filed under Pa.R.A.P. 903(a), which requires that a notice of appeal "be filed within 30 days after the entry of the order from which the appeal is taken."

Accordingly, this Court entered a rule to show cause order, which stated as follows.

> This appeal has been taken from the order entered on October 6, 2014 denying the defendants' motion to open the judgment. In the instant case, the final, appealable order may be the order

- 2 -

entered on February 10, 2014 granting summary [judgment]. ***See Pa.R.A.P. 341(b)(1)*** (final order is one that disposed of all claims and parties). Once a final order or judgment is entered, an appeal must be filed within 30 days and it is not subject to collateral attack by virtue of a petition to open or strike. ***Witherspoon v. Wal-Mart Stores, Inc.***, 814 A.2d 1222 (Pa. Super. 2002). The notice of appeal was filed on November 5, 2014. Therefore, this appeal may be untimely because the notice of appeal was not filed within thirty days of February 10, 2014. ***See Pa.R.A.P. 903(a)*** (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); ***Pa.R.A.P. 108(b)*** (date of entry of a civil order is the day on which the clerk makes a notation on the docket that notice of the entry of the order has been sent pursuant to Pa.R.Civ.P. 236(b)).

The appellants are directed to show cause as to why this appeal should not be quashed. This response is to be filed with this court within ten days with service upon all interested counsel. Failure to respond to this order within the time specified and as directed may result in quash of this appeal without further notice.

Rule to Show Cause Order, 1/22/15.

Appellants filed a response to the order to show cause. Therein, they argued that "[t]he judgment rendered against [them] is final, however, 'extraordinary cause' permits said judgment to be attacked collaterally." Response to Order to Show Cause, 2/2/15, at ¶ 2. Specifically, Appellants argued that the extraordinary cause present in this case is that their former attorney failed to file a response to Fannie Mae's motion for summary judgment, thereby unjustifiably prejudicing them. ***See id***., at ¶ 6.

Initially, we note that Appellants' contention that a "default judgment" was entered against them is incorrect. ***See*** Pa.R.C.P. 237.1(a)(1). Rather, summary judgment was entered due to Appellants' failure to respond to

- 3 -

Fannie Mae's summary judgment motion. **See** Pa.R.C.P. 1035.3. With that misunderstanding cleared up, we proceed to the merits.

A petition to open is an appeal to the court's equitable powers. **See Graziani v. Randolph**, 856 A.2d 1212, 1223 (Pa. Super. 2004). A court's authority to open judgments entered in contested matters is more circumscribed than its ability to open judgments entered by default or confession. **See Simpson**, 504 A.2d at 337. In this case, Appellants did not file an appeal of the summary judgment order. Rather, they collaterally attacked the summary judgment order once it was final by filing a petition to open judgment.

"Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court." **Id**. (citation and internal quotation marks omitted). "Extraordinary cause 'is generally an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party.'" **Witherspoon v. Wal-Mart Stores, Inc.**, 814 A.2d 1222, 1225 n.4 (Pa. Super. 2002) (citation omitted). We review a refusal to open a judgment for an abuse of discretion. **See Graziani**, 856 A.2d at 1223 (citation omitted).

Appellants needed to establish fraud or extraordinary cause as a reason to compel the trial court to open the judgment. Appellants do not even allege fraud; however, they do allege extraordinary cause. Specifically, Appellants claim that extraordinary cause exists because their former attorney failed to file a response to Fannie Mae's motion for summary judgment. This fact does not constitute extraordinary cause because it does not pertain to an oversight or action on the part of the court or the judicial process. Thus, Appellants cannot establish extraordinary cause.

In sum, the trial court did not commit an abuse of discretion in refusing to open the judgment. Accordingly, we affirm the order denying Appellants' petition to open.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016