J-A13028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK, N.A., AS TRUSTEE FOR WAMU 2005-AR2 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| EDWARD E. POLLARD | : : | No. 1893 EDA 2016 |
| Appellant | : | |

Appeal from the Order Entered June 1, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2009-001695

BEFORE:   LAZARUS, J., OTT, J. and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED MAY 08, 2017**

Edward E. Pollard appeals from the order entered on June 1, 2016, in the Delaware County Court of Common Pleas, that denied his petition to vacate void judgment with prejudice.[1]  On appeal, Pollard raises the following two issues:  (1) the court erred in finding the judgment entered was not a void judgment; and (2) the court erred in failing to strike/vacate the judgment because Pollard made a showing of both fraud and

---

[*] Former Justice specially assigned to the Superior Court.

[1] As will be discussed below, judgment was entered in favor of Deutsche Bank, N.A., as Trustee for WAMU 2005-AR2 (hereinafter, "Deutsche Bank").

extraordinary cause. Pollard's Brief at 15. Based on the following, we quash

this appeal due to an untimely notice of appeal.[2]

The underlying facts and procedural history are as follows:

> This matter arises out of a mortgage foreclosure action. The residential property at issue is located at 11 Fairview Road, Wayne, Delaware County, Pennsylvania (the Property). On November 12, 2004, Pollard executed a promissory note (the Note) in favor of Washington Mutual Bank, FA (WAMU) in the amount of $945,000.00. On the same date, Pollard executed a $945,000.00 mortgage (the Mortgage) with WAMU on the Property, as security for payment of the Note. The Mortgage was recorded on December 3, 2004. The Note and Mortgage were assigned on January 26, 2009 by JP Morgan Chase Bank, the purchaser of this loan and other WAMU assets from the Federal Deposit Insurance Corporation (FDIC), acting as receiver, to Deutsche Bank. The Note was endorsed by WAMU and made payable in blank, without recourse. Deutsche Bank is in possession of the original Note. The Assignments of the Note and Mortgage were recorded.

> Pollard defaulted under the Note and Mortgage's terms. Deutsche Bank initiated this action through the filing of a Complaint in Mortgage Foreclosure on February 9, 2009. On October 31, 2012, Pollard filed an Amended Answer and New Matter wherein he raised the issue of whether Deutsche Bank had standing in this matter. A non-jury trial was held in this matter before the Honorable James F. Proud of the Delaware County Court of Common Pleas on June 23, 2015. Verdict was entered on July 14, 2015 in favor of Deutsche Bank and against Pollard in the amount of $1,373,090.11. Following the Verdict in the non-jury trial, judgment was originally entered in favor of Deutsche Bank and against Pollard on July 17, 2015. The aforementioned Judgment was entered again pursuant to court order on November 6, 2015. Pollard did not file any motions for post-trial relief or an appeal of the Verdict.

---

[2] On May 1, 2017, counsel for Pollard filed a petition to reschedule oral argument. We will dispose of this petition at the end of the decision.

On January 25, 2016, Pollard filed a Petition to Postpone the Sheriff's Sale, which the undersigned Court granted on February 19, 2016 and postponed the Sale until May 20, 2016. In addition, Pollard filed a separate civil action against Deutsche Bank in the Delaware County Court of Common Pleas, *Pollard v. Deutsche Bank, N.A., Delaware Co.*, C.C.P. No. 2016-614. Pollard subsequently filed a Petition to Vacate or Otherwise Strike Void Judgment on February 18, 2016. Deutsche Bank filed a response to this Petition. On May 17, 2016, Pollard filed another Petition to Postpone the Sheriff's Sale, which the Trial Court granted on May 20, 2016 and postponed the Sale until June 17, 2016. On June 1, 2016, the Trial Court held Oral Argument on Pollard's Petition to Vacate Void Judgment and denied the Petition.

Trial Court Opinion, 10/19/2016, at 1-3. This appeal followed.

On July 21, 2016, this Court issued a Rule to Show Cause Order explaining the following:

This appeal has been taken from the June 1, 2016 order. In the instant case, the final, appealable order may be the order entered on November 6, 2015 judgment. *See Pa.R.A.P. 341(b)(1)* (final order is one that disposed of all claims and parties). Once a final order or judgment is entered, an appeal must be filed within 30 days and it is not subject to collateral attack by virtue of a petition to open or strike. *Witherspoon v. Wal-Mart Stores, Inc.*, 814 A.2d 1222 (Pa. Super. 2002). The notice of appeal was filed on June 16, 2016. Therefore, this appeal may be untimely because the notice of appeal was not filed within thirty days of November 6, 2015. *See Pa.R.A.P. 903(a)* (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); *Pa.R.A.P. 108(b)* (date of entry of a civil order is the day on which the clerk makes a notation on the docket that notice of the entry of the order has been sent pursuant to Pa.R.Civ.P. 236(b)).

Order, 7/21/2016. Accordingly, this Court directed Pollard "to show cause as to why this appeal should not be quashed." *Id.* Pollard responded that because he has petitioned to vacate a void judgment, "such a challenge may

be brought at any time (even after the window of appeal has closed following the entrance of judgment)." Pollard's Response to Order to Show Cause of July 21, 2016, 7/21/2016, at unnumbered 3. Pollard relies on the procedural history of two related unpublished decisions by this Court, *Nationstar Mortg., LLC v. Elsesser*, 120 A.3d 1054 [1300 MDA 2014] (Pa. Super. 2015) (unpublished memorandum) (affirming grant of summary judgment) and *Nationstar Mortg., LLC v. Elsesser*, ___ A.3d ___ [83 MDA 2016] (Pa. Super. Sept. 13, 2016) (unpublished memorandum) (denial of petition to strike judgment), to assert that his appeal must be heard.

Because the timeliness of an appeal implicates our jurisdiction, we may not address the merits of the underlying issue raised by an appellant before determining whether the appeal was timely filed. *Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa. Super. 2007). Pertinent to this issue, Pennsylvania Rule of Appellate Procedure 903(a) provides: "Except as otherwise prescribed by this rule, the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This Court may quash if the appeal is untimely filed beyond the 30-day time limitation proscribed by Pa.R.A.P. 903(a). *See*

*Costlow v. Costlow*, 914 A.2d 440, 442 (Pa. Super. 2006) (quashing

appeal filed beyond thirty-day time limitation).[3]  Moreover,

> [a]n appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

Pa.R.A.P. 105.  Lastly,

> [a]s we have repeatedly stated, once a final order or judgment is entered, an appeal must be filed within thirty days or, the trial court must expressly grant reconsideration within thirty days.  If either of these two events do not occur, the judgment is final and except for "extraordinary cause" is not subject to collateral attack by virtue of a petition to open and/or strike.

*Witherspoon*, 814 A.2d at 1225, *quoting* *Luckenbaugh v. Shearer*, 523

A.2d 399, 402 (Pa. Super. 1987).   "Extraordinary cause 'is generally an

oversight or action on the part of the court or the judicial process which

operates to deny the losing party knowledge of the entry of final judgment

so that the commencement of the running of the appeal time is not known to

the losing party.'" *Witherspoon*, 814 A.2d at 1225 n.4.

Turning to the present matter, judgment was entered in favor of

Deutsche Bank, twice, on July 17, 2015 and November 6, 2015.  Pollard did

---

[3]  We note Deutsche Bank did not file a motion to quash but did raise concern in its appellee brief regarding timeliness and jurisdiction. Nevertheless, "[w]e may raise the issue of appealability *sua sponte* because it affects our jurisdiction over the case." *In re Estate of Cherwinski*, 856 A.2d 165, 166 (Pa. Super. 2004) (citation omitted).

not file a post-trial motion or an appeal within the proscribed ten or 30 days, respectively. Rather, he collaterally attacked the judgment by filing a petition to vacate void judgment approximately three months later, and then a direct appeal. The trial court found the following:

This matter has been in litigation since 2009. In response to the Complaint, Pollard filed an Amended Answer with New Matter, wherein he asserted that Deutsche Bank lacked standing to bring this action. During the discovery phase of the litigation, Pollard did not identify or retain any expert witnesses or produce any expert reports. Upon the withdrawal of his attorney prior to trial, Pollard represented himself at the non-jury trial held on June 23, 2015. After the entry of the July 14, 2015 Verdict and the July 17, 2015 and November 16, 2015 judgments, Pollard never filed any post-trial motions or an appeal.

Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after it has become final. *Simpson v. Allstate Ins. Co.*, 504 A.2d 335, 337 (Pa. Super. 1986). A judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days. *Id.* Thereafter, the judgment cannot normally be modified, rescinded or vacated. *Id.*

The trial court's discretionary power over these types of judgments is "very limited." *Simpson*, *supra*. Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court." *Id.* Failure to appeal does not constitute "extraordinary cause" which permits a trial court to grant relief from a final judgment entered in a contested action. *Id.* at 337-338.

As stated earlier, Pollard filed an Emergency Petition to Stay the February 19, 2016 Sheriff's Sale and filed an action against Deutsche Bank under Court Docket Number 2016-614.

- 6 -

In that separate action, Pollard based his claims upon the "Declaration of Marla Giddings" whom he hired regarding the Note and Mortgage for review and analysis. **See** Def. Pet. To Vacate Void Judgment, Ex. B. In this Declaration, Ms. Giddings declares herself to be an expert regarding the securitization, sale and transfer of residential mortgage loans. **Id.** Pollard's failure to file for post-trial relief or an appeal resulted in the waiver of any claims and/or affirmative defenses.

Pollard cannot ask this court to review the issues and evidence presented in this matter because Judge Proud already adjudicated and decided it. The Verdict and the judgment have been entered. Therefore, the Coordinate Jurisdiction Rule is applicable.

The Coordinate Jurisdiction Rule prohibits a judge from overruling the decision of another judge of the same court, under most circumstances. **Ryan v. Berman**, 813 A.2d 792, 794 (Pa. 2002). Judges of coordinate jurisdiction sitting in the same case should not overrule each others' decision. **Com. v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995). Departure from the Coordinate Jurisdiction Rule is allowed only in exceptional circumstances. **Id.** at 1332. This rule serves "not only to promote the goal of judicial economy" but also "(1) to protect the settled expectations of the parties; (2) to insure uniformity of decision; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end." **Id.**; **Ryan**, **supra** at 795. Pollard could have filed a post-trial motion or an appeal to challenge the July 14, 2015 Verdict issued by Judge Proud and the judgment entered. Pollard failed to do so. In light of the Verdict and the judgment entered, this court, pursuant to the Coordinate Jurisdiction Rule, cannot void or strike the judgment in this matter.

Trial Court Opinion, 10/19/2016, at 4-6. We agree.

A review of Pollard's brief and response to this Court's Rule to Show Cause reveals Pollard fails to demonstrate any extraordinary cause to open the judgment, *i.e.* "an oversight or action on the part of the court or the judicial process which operate[d] to deny the losing party, [in this case,

Pollard] knowledge of the entry of final judgment." **Witherspoon**, 814 A.2d

at 1225 n.4.[4] Moreover, the underlying issues Pollard raised in his petition

to vacate void judgment could have been raised in a post-trial motion or at

the latest, in an appeal following the November 6, 2015, entry of judgment.

Consequently, this Court does not have jurisdiction to review the merits of

Pollard's appeal.[5] Furthermore, based on our disposition, we dismiss counsel

for Pollard's petition to reschedule oral argument as moot.

_____

[4] In his brief, Pollard baldly asserts: "The fraud in this case as proven is the assignment which is absent from the originator to the depositor. It was a material misrepresentation to fact to have omitted it from the pleading. The extraordinary cause being before the court, it was error and an abuse of discretion to not vacate the judgment." Pollard's Brief at 30. Likewise, in his response to the Rule to Show Cause, Pollard merely alleges he can file a petition to vacate a void judgment at any time. **See** Pollard's Response to Order to Show Cause of July 21, 2016, 7/21/2016, at unnumbered 3.

[5] We note Pollard relies on the procedural history of the two **Elsesser** cases in arguing that his appeal is valid. In **Elsesser**, a mortgage company filed a foreclosure action against the appellant. The court granted the mortgage company's motion for summary judgment. The appellant then filed a direct appeal, and we affirmed. Subsequently, the appellant did not file an allowance of appeal with the Pennsylvania Supreme Court but did file a petition to strike judgment. The trial court denied the petition. On appeal, a panel of this Court indicated "appellant is asking for another 'bite at the apple,' essentially seeking reconsideration of this court's decision affirming summary judgment." **Nationstar Mortg., LLC v. Elsesser**, ___ A.3d ___ [83 MDA 2016] (Pa. Super. Sept. 13, 2016) (unpublished memorandum at 6). Pollard's reliance on these cases fails for several reasons. Most importantly, Pollard is asking us to apply an unpublished, non-precedential, memorandum to the present matter. We are not required to do so. **See** Superior Court I.O.P. 65.37 (unpublished memorandum decision shall not be relied upon or cited by Court or party). Second, like the appellant in **Elsesser**, and as pointed out by Deutsche Bank in its responsive pleading, Pollard is asking to take another "bite of the apple" by pursuing
*(Footnote Continued Next Page)*

Appeal quashed. Petition to reschedule oral argument dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017

---

*(Footnote Continued)* ─────────────

reconsideration of the judgment in favor of Deutsche Bank *via* his petition to vacate void judgment.