J-A06044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLEY AS OWNER TRUSTEE FOR RCF ACQUISTITION TRUST | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 2501 EDA 2024 |
| CHARLES ROACH A/K/A CHARLES M. ROACH, AND MARK ROACH | : : : : | |
| APPEAL OF: MARK ROACH | : : | |

Appeal from the Order Entered August 29, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
003184-CV-2017

BEFORE:   PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 21, 2025**

Appellant, Mark Roach,[1] appeals from the order entered on August 29, 2024, in the Court of Common Pleas of Monroe County, which denied his petition to open or vacate judgment.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On May 3, 2017, Wells Fargo Bank, N.A., ("Wells Fargo") filed a complaint in mortgage

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed *infra*, the complaint in this case was filed against Appellant Mark Roach and his father, Charles Roach a/k/a Charles M. Roach.  However, Charles Roach a/k/a Charles M. Roach died in 2024, and he is not a party to this appeal.

foreclosure against Charles Roach a/k/a Charles M. Roach ("Charles Roach") and Mark Roach ("Appellant") (collectively "the Roaches"), who are father and son.  Therein, Wells Fargo averred that, on January 28, 2004, the Roaches took out a loan in the amount of $237,975.00, and they secured the loan's promissory note with their property located on Mountain Terrace Drive in Blakeslee, Pennsylvania ("the mortgaged property"). Cardinal Financial Company was the original mortgagee; however, the mortgage was subsequently assigned to Wells Fargo.[2]

Wells Fargo averred the Roaches failed to pay the installments of principal and interest on the loan due on December 1, 2016.  They made no subsequent payments on the loan.  Thus, Wells Fargo averred the Roaches were in default of the promissory note and the mortgage securing the promissory note.  Wells Fargo indicated it provided the Roaches with notice of intent to foreclose on the mortgaged property.  Accordingly, in its complaint, Wells Fargo sought an *in rem* judgment in mortgage foreclosure for the property.

On June 1, 2017, the Roaches filed a *pro se* answer, which they amended on September 8, 2017.  On September 19, 2017, Wells Fargo filed a motion for summary judgment, as well as a supporting brief.  Wells Fargo

_____

[2] As discussed *infra*, the mortgage was then assigned to Appellee, not in its individual capacity but solely as the owner trustee for RCF 2 Acquisition Trust.

averred the Roaches were in default under the terms of the promissory note and mortgage, and they failed to assert any defenses in their *pro se* answer. Wells Fargo attached to its motion a sworn affidavit from Cynthia A. Thomas, Vice President of Loan Documentation, indicating the Roaches have been in default on the promissory note since December 1, 2016. Ms. Thomas indicated a notice of intent to foreclose on the mortgage was sent to the Roaches; however, they failed to take any steps to avoid foreclosure. Accordingly, Wells Fargo averred there are no genuine issues of material fact, and Wells Fargo is entitled to judgment as a matter of law.

On September 25, 2017, the trial court entered an order directing the Roaches, who were still *pro se*, to file a response to the summary judgment motion. They failed to respond, and, therefore, by order entered on October 31, 2017, the trial court granted Wells Fargo's motion for summary judgment in the mortgage foreclosure action. On November 7, 2017, Wells Fargo filed a praecipe for the entry of judgment and seeking interest. On November 8, 2017, the prothonotary entered judgment in favor of Wells Fargo and against the Roaches in the amount of $248,276.78, plus interest, and for the foreclosure/sale of the mortgaged property.

On December 4, 2017, the Roaches, represented by Joshua Thomas, Esquire, filed a counseled petition to open and/or strike the judgment, as well as a supporting brief. Therein, the Roaches averred they were not served with either Wells Fargo's motion for summary judgment or Wells Fargo's November

7, 2017, praecipe for judgment. They noted that, since the motion for summary judgment was filed just eleven days after the Roaches' amended answer, there had been insufficient time for discovery. The Roaches averred they had a meritorious defense in that the chain of assignments had been "broken," and, accordingly, only "the originator, Cardinal Financial Company,…has the authority, pursuant to proper recording of assignments, to foreclose." The Roaches' Petition to Open and/or Strike Judgment, filed 12/4/17, at 2. Moreover, the Roaches averred that, upon their belief, Fannie Mae is the owner of the promissory note, and, consequently, Fannie Mae should have been assigned the mortgage.

On December 6, 2017, the trial court issued upon Wells Fargo a rule to show cause, and on December 29, 2017, Wells Fargo filed a response in opposition to the Roaches' petition to open and/or strike the judgment, as well as a supporting brief. Therein, relevantly, Wells Fargo noted the record indicates Wells Fargo's motion for summary judgment and praecipe for judgment were mailed to the Roaches.

On January 29, 2018, Wells Fargo filed a request for oral argument on the Roaches' petition to open and/or strike the judgment, and the trial court set a hearing date of April 2, 2018. By order entered on April 5, 2018, the trial court granted the Roaches' petition to open the judgment. The order provided the Roaches would have sixty days to complete discovery.

On September 13, 2018, Wells Fargo filed a motion to compel responses to various discovery requests. Therein, Wells Fargo averred that, on May 1, 2018, it served the Roaches with requests for admissions, interrogatories, and production of documents. Further, on June 22, 2018, Wells Fargo wrote to the Roaches' counsel asking for a response to the discovery requests. However, the Roaches failed to respond. Thus, Wells Fargo requested that the trial court direct the Roaches to respond to the discovery requests.

By order entered on September 14, 2018, the trial court issued a rule to show cause on the Roaches as to why the motion to compel should not be granted. The Roaches did not respond, so on November 26, 2018, Wells Fargo filed a motion to make absolute the rule to show cause. By order entered on November 28, 2018, the trial court ruled that Wells Fargo's request for admissions are deemed admitted under Pennsylvania Rule of Civil Procedure 4014 since the Roaches failed to respond. The trial court directed the Roaches to answer Wells Fargo's requests for interrogatories and requests for production of documents.

On March 20, 2019, the Roaches, with the assistance of Attorney Thomas, filed an answer with new matter to Wells Fargo's complaint. On April 15, 2019, Wells Fargo filed a reply to the new matter. On September 23, 2021, Wells Fargo filed a motion for summary judgment, as well as a supporting brief. Specifically, Wells Fargo averred that, while the Roaches made general denials to the default and amounts due on the mortgage, they

provided no specific facts in response to Wells Fargo's averments. Also, Wells Fargo noted that, since the Roaches never responded to Wells Fargo's request for admissions, numerous facts were deemed admitted by the trial court, including: the Roaches signed the promissory note and mortgage; the Roaches made no payments since December 1, 2016; the Roaches owe the principal balance to Wells Fargo; and Wells Fargo has the authority to enforce the promissory note and mortgage. Wells Fargo averred the Roaches provided no defense in this action. Consequently, Wells Fargo averred there is no genuine issue of material fact, and it is entitled to judgment as a matter of law.

On September 29, 2021, the trial court directed the Roaches to file a response to the summary judgment motion within thirty days of the filing date of the motion.[3] On November 1, 2021, the Roaches, with the alleged assistance of Attorney Thomas,[4] filed a late response in opposition to Wells

_____

[3] Since Wells Fargo's summary judgment motion was filed and served on the Roaches on September 23, 2021, the thirtieth day would have been on Saturday, October 23, 2021. Accordingly, the Roaches had until Monday, October 25, 2021, to file a timely response in opposition to Wells Fargo's motion for summary judgment. *See* 1 Pa.C.S.A. § 1908 ("When any period of time is referred to in any statute, such period in all cases,…shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday,…such day shall be omitted from the computation.").

[4] By order entered on October 1, 2021, our Supreme Court held: "Upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board, the Joint Petition in Support of Discipline on Consent is
*(Footnote Continued Next Page)*

Fargo's motion for summary judgment. Therein, the Roaches averred Fannie Mae is the owner of the promissory note, and the chain of assignments has been "irrevocably broken." The Roaches argued that, pursuant to the proper recording of assignments, Cardinal Financial Company is the only party with the authority to seek foreclosure. Alternatively, the Roaches argued that, given Fannie Mae is the owner of the promissory note, Fannie Mae could have pursued the foreclosure action. Consequently, the Roaches averred Wells Fargo has no standing in this matter.

Moreover, the Roaches averred Wells Fargo did not properly serve them with the statutorily required notice of intent to foreclose. Consequently, the Roaches averred Wells Fargo failed to satisfy the applicable notice requirements.

On November 2, 2021, the trial court entered an order granting summary judgment in favor of Wells Fargo. The trial court indicated the Roaches did not file a proper timely response in opposition to Wells Fargo's motion for summary judgment. On November 16, 2021, based on the entry of summary judgment in its favor, Wells Fargo filed a praecipe for the entry of judgment in favor of Wells Fargo and against the Roaches in the amount of $300,055.82, plus interest at the rate of 2% from November 1, 2016, to the

_____

granted, and Joshua Louis Thomas is suspended on consent from the Bar of this Commonwealth for a period of two years." Order, filed 10/1/21. The parties do not dispute that this suspension was effective October 31, 2021.

- 7 -

date of judgment and then at the statutory rate of 6% per annum from the date of judgment, and for the foreclosure and sale of the mortgaged property.[5]

On December 1, 2021, Mark Roach ("Appellant") filed a *pro se* document entitled "Motion for Summary Judgment" wherein he purported to seek reconsideration of the trial court's grant of summary judgment, as well as argued for summary judgment in his favor. He filed a *pro se* brief in support thereof and argued the trial court failed to consider the Roaches' response, which was filed on November 1, 2021.

On December 2, 2021, the trial court denied Appellant's *pro se* request, indicating it appeared to be a motion for reconsideration of the trial court's November 2, 2021, order. Therein, the trial court acknowledged receipt of the November 1, 2021, response. However, the trial court indicated "[i]t is noted that [the Roaches'] response, although allegedly filed by counsel, did not have a signature on the pleading or verification." Trial Court Order, filed 12/2/21, at 2. Notably, Appellant did not file any timely notice of appeal to this Court at this juncture.

Approximately two years later, on January 5, 2024, Wells Fargo filed a praecipe to mark the judgment to the use of Appellee. On January 11, 2024,

---

[5] The prothonotary provided the Roaches with notice of the trial court's November 2, 2021, summary judgment order. Further, regarding the praecipe for judgment, Wells Fargo provided notice to the Roaches via first class mail, and the prothonotary provided notice to the Roaches of the entry of judgment on that same date.

Appellee filed a praecipe for writ of execution (mortgage foreclosure) against the Roaches. On May 14, 2024, Daniel A. Pallen, Esquire, entered his appearance on behalf of Appellant. On July 18, 2024, with the assistance of Attorney Pallen, Appellant filed a petition to open or vacate the judgment entered on November 16, 2021, on Wells Fargo's motion for summary judgment. Counsel also filed a supporting brief. Therein, Appellant averred there was a "breakdown of the judicial system." Petition, filed 7/18/24, at 1. Specifically, he averred that he was unable to file a timely, proper response to Wells Fargo's motion for summary judgment "insofar as [his] attorney was suspended from the practice of law and failed to inform the trial court of the same." *Id.* Appellant averred Mr. Thomas failed to inform him of the disciplinary investigation and suspension during his representation.

Further, Appellant averred the response to Wells Fargo's motion for summary judgment was due on or before October 25, 2021, and Mr. Thomas' suspension was effective on October 31, 2021. Thus, when Mr. Thomas filed the late unsigned response on November 1, 2021, he was already suspended from the practice of law. Appellant averred generally that he has a meritorious defense, and genuine issues of material facts require the granting of a trial.

The trial court issued a rule to show cause on Appellee as to why the judgment should not be opened or vacated. On August 15, 2024, Appellee filed a response in opposition to Appellant's petition to open or vacate the judgment, as well as a supporting brief. The trial court held a hearing on

August 19, 2024. By order and opinion entered on August 29, 2024, the trial court denied Appellant's petition to open or vacate the judgment.

On September 8, 2024, Appellant filed a counseled motion for reconsideration, which the trial court denied on September 9, 2024. On September 19, 2024, Appellant filed a counseled notice of appeal to this Court, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1. Did the Defendant's Petition to Vacate show the extraordinary cause necessary to justify intervention from the Court, and, accordingly, did the trial court err in refusing to find extraordinary cause?

2. Did the trial court err by relying upon the Doctrine of Laches in denying the Defendant's Petition to Open or Vacate Judgment especially where prejudice was not shown?

Appellant's Brief at 3 (suggested answers omitted).

On appeal, Appellant contends the trial court erred in denying his July 18, 2024, petition to open or vacate the judgment entered on the trial court's entry of summary judgment. Specifically, in his first issue, he contends he demonstrated the necessary "extraordinary cause" permitting the trial court to open or vacate the judgment. He avers he could not reasonably have been expected to file a timely response in opposition to the summary judgment motion. Appellant's Brief at 11. In this vein, he avers his then attorney, Mr. Thomas, was suspended from the practice of law; however, Appellant was unaware of his suspension. *Id.* at 11-12. Appellant concludes he was "a victim,"

- 10 -

and Mr. Thomas' "non-disclosure of his discipline is exactly that type of 'grave or compelling circumstance justifying intervention by the court.'" *Id.*

Initially, we note that, to the extent Appellant suggests this is a matter to open or vacate a judgment entered because of a default, we note that a "default judgment" was not entered against him. *See* Pa.R.C.P. 237.1(a)(1). Rather, summary judgment was entered against Appellant after the trial court found Appellant did not provide a proper timely response to Wells Fargo's motion for summary judgment, *i.e.*, Appellant's "response, although allegedly filed by counsel, did not have a signature on the pleading or verification."[6] Trial Court Order, filed 12/2/21, at 2. *See* Pa.R.C.P. 1035.3. Thus, the judgment was not merely a judgment entered upon praecipe by the prothonotary. Rather, it was a judgment entered in a contested proceeding pursuant to a court's summary judgment order. *See Lesher v. Sels*, 313 A.3d 181 (Table), No. 1000 MDA 2022 (Pa.Super. filed 1/17/24) (unpublished memorandum)[7] (holding judgment entered after the trial court enters the grant of summary judgment disposing of all parties and claims is a judgment entered in a contested proceeding). *See also Simpson v. Allstate Ins. Co.*, 504 A.2d 335 (Pa.Super. 1986) (*en banc*).

---

[6] Further, because Appellant failed to abide by discovery orders, the trial court deemed Wells Fargo's request for admissions as admitted under Pennsylvania Rule of Civil Procedure 4014.

[7] Unpublished memorandums filed after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

"Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final]." **Id.** at 337 (citing **Klugman v. Gimbel Bros., Inc.**, 182 A.2d 223, 225 (Pa.Super. 1962) (*en banc*)). "A judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days. Thereafter, the judgment cannot normally be modified, rescinded or vacated. Similarly, it cannot be 'opened.'" **Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC**, 108 A.3d 913, 918 (Pa.Super. 2015) (citation omitted).

"This doctrine, respecting judgments entered in adverse proceedings, has a very definite function, namely, to establish a point at which litigants, counsel, and courts ordinarily may regard contested lawsuits as being at an end. A contested action yields a judgment in which the value of finality is greatest." **U.S. Bank Trust National Ass'n as Trustee of Lodge Series III Trust v. Unknown Heirs Under Brolley**, 278 A.3d 310, 317-18 (Pa.Super. 2022) (citation omitted).

"Accordingly, when [a final] judgment is entered in adverse proceedings, the parties have three options: timely file an appeal, timely move for reconsideration, or, after the appeal period has expired, plead fraud or

'extraordinary cause.'"[8] ***Lesher***, No. 1000 MDA at *3. Once the appeal period has expired, if the trial court has not granted reconsideration and no appeal is pending, judgments entered in adverse proceedings are generally final. ***See id.*** at *4.

However, the court's inability to modify or rescind final orders outside of thirty days, *i.e.*, beyond the running of the appeal period, is not absolute. ***See Manufacturers and Traders Trust Co.***, ***supra***. Our cases have referred to several circumstances under which a trial court may modify a final order after more than thirty days have passed: "extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of 'extraordinary cause justifying intervention by the court.'" ***Id.*** at 919 (quotation omitted).

> Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, the discretionary power of the court over such judgments is very limited. Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court.

***Simpson***, 504 A.2d at 337 (citations omitted). ***See Manufacturers and Traders Trust Co.***, ***supra*** (indicating that, for all the reasons that finality of

---

[8] A party may also file both a motion for reconsideration and a protective notice of appeal in case the trial court does not timely grant the motion for reconsideration. ***See*** Pa.R.A.P. 1701, Note.

judgments is important, a judgment should be invulnerable except upon a showing of extraordinary cause); **Luckenbaugh v. Shearer**, 523 A.2d 399, 402 (Pa.Super. 1987) (*en banc*) (same).

"Extraordinary cause 'is generally an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party.'" **Witherspoon v. Wal-Mart Stores, Inc.**, 814 A.2d 1222, 1225 n. 4 (Pa.Super. 2002) (citation omitted). **See Manufacturers and Traders Trust Co.**, **supra** (indicating an oversight by counsel does not constitute "extraordinary cause" permitting a court to grant relief from a final judgment entered in a contested action).

> Thus, where the party was aware within the appeal period of the entry of judgment in a contested proceeding, its petition to open or vacate does not plead extraordinary cause. A procedural irregularity that might justify opening judgment within the appeal period will not do so after the appeal period has expired, and an attorney's failure to file a timely appeal due to an oversight does not constitute extraordinary cause.

**Lesher**, No. 1000 MDA at *4 (citations omitted) (footnote omitted).

In the case *sub judice*, after the trial court entered summary judgment in favor of Wells Fargo as to all claims and all parties, Appellant filed a timely, *pro se* request for reconsideration, which the trial court denied on December 2, 2021. However, Appellant did not file a timely notice of appeal to this Court from the final order; but rather, on July 18, 2024, Appellant filed a petition to

open or vacate the November 16, 2021, judgment entered on Wells Fargo's motion for summary judgment.

Appellant does not allege extrinsic fraud, lack of jurisdiction over the subject matter, or a fatal defect apparent on the face of the record. Rather, Appellant avers an "extraordinary cause" justifying intervention by the court. **See** Appellant's Brief at 11-14. Accordingly, we must determine whether the trial court abused its discretion in holding Appellant failed to demonstrate an "extraordinary cause." **See Witherspoon**, **supra** (setting forth our standard of review where trial court denies a petition to open alleging "extraordinary cause").

Here, Appellant did not claim any "extraordinary cause" as to why he did not file a timely notice of appeal after the trial court entered judgment on its grant of summary judgment in favor of Wells Fargo. Rather, Appellant attacks the underlying entry of summary judgment on the basis his former attorney failed to submit a proper response to Wells Fargo's summary judgment motion. Mr. Thomas' failure to file a timely response to Wells Fargo's motion for summary judgment alone does not constitute "extraordinary cause" because it does not pertain to an oversight or action on the part of the court or the judicial process. **In re Interest of C.K.**, 535 A.2d 634, 641 (Pa.Super. 1987) (indicating attorney's neglect is "not enough" to show "extraordinary cause").

However, Appellant further claims Mr. "Thomas' failure to inform [Appellant] that [his] suspension would become effective just days after the pending motion for summary judgment deadline of October [25], 2021, **is the extraordinary cause**." Appellant's brief at 12 (bold in original). He claims the trial court abused its discretion in refusing to find "'extraordinary cause' insofar as the proper and required notice from [Mr.] Thomas to [Appellant] could have resulted in [Appellant's] procurement of substitute counsel capable of complying with [the October 25, 2021,] deadline" to file a response in opposition to Wells Fargo's motion for summary judgment. *Id.* at 13.

In rejecting this contention, the trial court indicated the following:

> [Appellant's] lawyer, [Mr.] Thomas, was suspended by order of the Supreme Court on October 1, 2021, but the suspension was not effective until October 31, 2021. Well Fargo filed the motion for summary judgment on September 23, 2021. Pa.R.C.P. 1035.3 required a response to the motion to be filed within thirty days after service of the motion. The certificate of service attached to the motion states that it was served by first class mail on [Appellant's] counsel on September 23, 2021, which would require a filed response by October [25], 2021. [Mr.] Thomas' law license was not suspended on that date. . .[Appellant] filed his own [*pro se* motion] on December 1, 2021, which the court addressed [as a motion for reconsideration] and denied, explaining to [Appellant] that his attorney had not filed a timely, proper response to Wells Fargo's motion for summary judgment. So, [Appellant] was aware or should have been aware. . .that his attorney did not file a proper response to Wells Fargo's motion for summary judgment, and he was aware that the court had granted summary judgment on November 2, 2021. Despite this knowledge, [Appellant] waited until July 18, 2024, to file his petition to vacate the judgment due to extraordinary cause.

Trial Court Opinion, filed 8/29/24, at 4-5.

Accordingly, as the trial court determined, Mr. Thomas was not suspended at the time Appellant's response in opposition to Wells Fargo's motion for summary judgment was due. To the extent Appellant contends the focus is on whether Appellant knew of the disciplinary proceedings against Mr. Thomas during this time in October of 2021, we acknowledge Appellant suggests he did not know about the disciplinary proceedings against Mr. Thomas. *See* Appellant's Brief at 12 n.2. In support thereof, he indicates on appeal that the trial court held a hearing on the issue on August 19, 2024, and no party rebutted his assertion that he had no knowledge of the disciplinary proceedings. *Id.*

However, Appellant has not provided this Court with the relevant notes of testimony. In fact, as our certified docket entries reveal, on October 10, 2024, the trial court's Deputy Court Administrator filed a notice informing this Court that "no transcripts have been requested in relation to this appeal." Deputy Court Administrator's Notice, filed 10/10/24. Simply put, the trial court did not appear to credit Appellant's assertion of lack of knowledge,[9] and this Court has no transcripts to review to determine whether this was an abuse of discretion.

_____

[9] In its opinion, the trial court acknowledged Appellant asserted that he "was unaware of the order suspending his attorney[.]" Trial Court Opinion, filed 8/29/24, at 4. However, apparently, the trial court did not credit this assertion and/or find the assertion to be persuasive.

"It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in this case." ***Bennyhoff v. Pappert***, 790 A.2d 313, 318 (Pa.Super. 2001) (citation omitted). It is the responsibility of the appellant to provide a complete record to the appellate court on appeal, including requesting all necessary transcripts. ***See Brandon v. Ryder Truck Rental, Inc.***, 34 A.3d 104, 106 n.1 (Pa.Super. 2011) (citations omitted). "Where our review of an appellant's claim may not be made because of such a defect in the record, we may find the issue waived." ***Id.*** Thus, we affirm on this basis.[10]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/21/2025

---

[10] In his second issue, acknowledging he waited over two years to file his petition to open or vacate, Appellant contends this delay alone was insufficient to deny his petition. He contends the trial court erred in denying his petition to open or vacate "due to laches because he did not act diligently in asserting his rights[.]" Trial Court Opinion, filed 8/29/24, at 5. Given our disposition, we decline to address Appellant's claim the trial court abused its discretion in relying on the doctrine of laches to deny his petition to open or vacate judgment.

- 18 -