J. S14032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| JOE HOLMES, | : : | No. 2289 EDA 2019 |
| Appellant | : | |

Appeal from the Order Dated June 20, 2019,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 150802640

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 28, 2020**

Joe Holmes ("Homeowner") appeals ***pro se***[1] from the June 20, 2019 order entered in the Court of Common Pleas of Philadelphia County which denied Homeowner's miscellaneous motion for relief.  We affirm.

The relevant procedural history, as gleaned from the certified record and the trial court's Rule 1925(a) opinion, is as follows:  On August 21, 2015, U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) ("Bank") filed a complaint in mortgage foreclosure against Homeowner.  On November 24, 2015, Homeowner filed an answer. Thereafter, on March 23, 2017, Bank filed a motion for summary judgment.

---

[1] The record reflects that Homeowner also proceeded ***pro se*** in the trial court.

Homeowner failed to file a response. On April 26, 2017, the trial court granted Bank's motion and ordered Homeowner's property be sold at sheriff's sale.[2] Homeowner did not appeal. Rather, on April 28, 2017, Homeowner filed a motion for reconsideration,[3] which was denied by the trial court on May 30, 2017. Homeowner then appealed. On September 6, 2017, this court quashed Homeowner's appeal as untimely. *See U.S. Bank Nat'l Ass'n. (Trustee for the Pennsylvania Housing Finance Agency) v. Holmes*, No. 1978 EDA 2017, *per curiam* order (Pa.Super. filed September 6, 2017). On September 12, 2017, Homeowner's property was sold at sheriff's sale. The sheriff delivered the deed on October 27, 2017. Homeowner did not seek to set aside the sheriff's sale.

On February 26, 2018, Homeowner filed a "petition to vacate & void [*ab initio*] the civil procedural default summary judgment." (Capitalization omitted.) The motion was denied by the trial court on April 3, 2018. Homeowner did not appeal. On May 17, 2019, Homeowner filed a "miscellaneous motion for relief from sheriff's sale and deed, and to vacate

---

[2] The trial court assessed damages at $197,581.34 plus interest.

[3] Although Homeowner titled his filing a "motion for reconsideration," a review of the motion reveals that Homeowner actually sought permission to file an untimely response to Bank's motion for summary judgment, objected to the complaint in mortgage foreclosure, and included a brief in support of those objections.

praecipe of writ and summary judgment."[4]  (Capitalization omitted.) The trial

court denied this motion on June 20, 2019.  Homeowner timely appealed.  The

trial court did not order Homeowner to file a concise statement of errors

complained of on appeal pursuant to Pa.R.A.P. 1925(b).   The trial court,

however, filed a Rule 1925(a) opinion on August 20, 2019.

Homeowner raises the following issues:

1.    Were [a]ppellant's rights violated by the trial court upon ignoring appellant's claim that the mortgage loan in dispute is void as to appellant who was and remains illiterate and incompetent upon his execution of the mortgage loan and modification instruments in dispute?

2.    Were [a]ppellant's procedural due process rights under Pa.R.Civ.P. 2002 violated because [a]ppellee was never a real party in interest?

3.    Were [a]ppellant's rights under Pennsylvania's uniform commercial code violated upon the note instrument submitted in support of summary judgment failing to display an [e]ndorsement paid to the order of [a]ppellee or in blank pursuant to 13 Pa.C.S.A. §§ 3204 and 3205 (respectively)?

4.    Were [a]ppellant's rights under sections 6(b) and 9(d) of the note [and] mortgage in dispute violated    and    denied    upon    [a]ppellee commencing   the   foreclosure   action   below without complying with sections 6(b) and 9(d) of the note [and] mortgage (respectively) and as   required   by   24 [C.F.R.]   §§ 203.604, 203.605, and 203.606?

---

[4] The motion's title further states:  "and dismissal pursuant to 42 Pa.C.S.A. §§ 5504(B), 5505 and Pa.R.C.P. 3132, 227.1, 208.3, and the court's inherent power."  (Capitalization omitted.)

> 5. Were [a]ppellant's due process rights violated upon [a]ttorneys KLM as officers of the court engaging in fraud upon the court, tampering with and fabricating evidence?

Appellant's brief at 3-4.

The trial court determined that Homeowner's "miscellaneous motion," filed May 17, 2019, was in the nature of a

> petition to (1) strike and/or open the April 26, 2017 order granting summary judgment in favor of Bank and against Homeowner; (2) vacate the June 7, 2017 writ of execution; and (3) set aside the Sheriff's sale and deed (the "petition").

Trial court opinion, 8/20/19 at 1 (extraneous capitalization omitted).

The trial court determined that its order of April 26, 2017, granting Bank's motion for summary judgment became a final order on May 26, 2017, from which Homeowner failed to timely appeal. (*Id.* at 3.) Further, the trial court found Homeowner failed to demonstrate "extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court." *Id.* at 2-3 (numbers omitted), citing ***Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 918-919 (Pa.Super. 2015).

With respect to the sheriff's sale and deed, the trial court found Homeowner's "petition" was untimely as it was not filed until more than one and one-half years after the sheriff's deed was delivered and Homeowner did not establish that the deed was based on fraud or lack of authority to make

the sale.  ***See Mortgage Elec. Registration Sys., Inc. v. Ralich***, 982 A.2d 77, 80 (Pa.Super. 2009), ***appeal denied***, 992 A.2d 889 (Pa. 2010).

After careful review, we find that the trial court's August 20, 2019 Rule 1925(a) opinion ably and comprehensively disposes of all issues raised on appeal.  The trial court's findings are amply supported by the record, and its conclusions are without legal error.  We, therefore, affirm on the basis of that opinion.

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 7/28/2020

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AUTHORITY), | : : : : | 2289 EDA 2019 |
| Plaintiff/Appellee, | : | Trial Court Case No. 150802640 |
| v. | : : | |
| JOE HOLMES, | : : | |
| Defendant/Appellant. | : | |

Us Bank National Assoc Trustee For The Pa Ho-OPFLD



15080264000080

OPINION

Defendant Joe Holmes (the "Homeowner") appeals the trial court's June 20, 2019 order

denying Homeowner's Petition to (1) Strike and/or Open the April 26, 2017 Order Granting

Summary Judgment in Favor of Bank and against Homeowner; (2) Vacate the June 7, 2017 Writ

of Execution; and (3) Set Aside the Sheriff's Sale and Deed (the "Petition"). For the reasons

discussed below, the Superior Court should affirm the June 20, 2019 order.

FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2015, Plaintiff U.S. Bank National Association (Trustee for the

Pennsylvania Housing Finance Authority) (the "Bank") filed a mortgage foreclosure complaint

against Homeowner regarding property located at 4833 Morris Street, Philadelphia, Pennsylvania

19144 (the "Property").

On March 23, 2017, Bank filed a Motion for Summary Judgment to which Homeowner

failed to file a response. On April 26, 2017, the trial court entered a final order granting Bank's

Motion for Summary Judgment. Homeowner never appealed the April 26, 2017 final order.[1] On

September 12, 2017, the Sheriff sold the Property to KML Law Group for $17,100.

---

[1] Instead, Homeowner filed a Motion for Reconsideration of the April 26, 2017 final order, which the trial court denied. Homeowner then improperly appealed the trial court's May 30, 2017 order denying Homeowner's Motion for Reconsideration. On September 6, 2017, the Superior Court quashed Homeowner's appeal as untimely. *See* Order, Filed 9/6/2017.

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) D. DRAYTON 08/22/2019

On May 17, 2019, Homeowner filed the Petition that is the subject of this Appeal. The trial court denied the Petition on June 20, 2019. On July 15, 2019, Homeowner filed a timely appeal of the trial court's June 20, 2019 order.

DISCUSSION

1.      The Trial Court Properly Denied Homeowner's Petition

      A.      Homeowner's Petition to Strike and/or Open Summary Judgment

A judgment entered in an adverse proceeding generally cannot be modified, rescinded, vacated, struck, or opened after it has become final. *Manufacturers & Traders Tr. Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 918 (Pa. Super. Ct. 2015). A judgment entered in an adverse proceeding becomes final if, within 30 days of the order, (1) no party filed an appeal of it, (2) no party filed a motion for reconsideration for which the trial court expressly granted reconsideration, or (3) the trial court did not vacate the order on its own accord. *Id.* The purpose of this doctrine is to "establish a point at which litigants, counsel[,] and courts ordinarily may regard contested lawsuits as being at an end." *Id.*

A final judgment entered in an adverse proceeding may be modified, rescinded, vacated, struck, or opened, however, if a party can demonstrate (1) extrinsic fraud, (2) lack of subject matter jurisdiction, (3) a fatal defect apparent on the face of the record, or (4) some other circumstance so grave or compelling as to constitute "extraordinary cause" justifying intervention by the court.[2] *Id.* at 918-19.

_____

[2] "Extraordinary cause" generally refers to "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Greenville Gastroenterology*, 108 A.3d at 919. The following do not constitute "extraordinary cause:" (1) mistakes or ordinary neglect by counsel or (2) where a party has notice of the entry of a final order. *Id.*

-2-

Here, the trial court entered an order granting Bank's Motion for Summary Judgment on April 26, 2017. Homeowner never filed an appeal from that order. Although Homeowner filed a Motion for Reconsideration of that order, the trial court denied the motion. Lastly, the trial court did not vacate that order on its own accord. Therefore, 30 days later on May 26, 2017, the April 26, 2017 order became final. On April 27, 2017, Homeowner received Rule 236 Notice of the entry of the trial court's order granting summary judgment.

In his Petition to Strike and/or Open Summary Judgment, Homeowner failed to demonstrate any extraordinary cause justifying intervention by the court. Instead, Homeowner improperly sought to attack the merits of the allegations of the complaint. *See* Homeowner's Petition, Filed 5/17/2019. Therefore, the trial court properly denied Homeowner's Petition to Strike and/or Open Summary Judgment.

B.  The Trial Court Properly Denied Homeowner's
    Petition to Set Aside the Sheriff's Sale and Deed as Untimely

If the petitioner waits until *after the Sheriff delivers the deed* to file the petition to set aside, the petition is untimely and, even if there are procedural deficiencies such as a lack of service or notice, a court must deny the petition. *See Mortg. Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 79-80 (Pa. Super. Ct. 2009). There is a narrow exception to this general rule, however, which is that a court may grant relief to an untimely petition to set aside if the petitioner can prove (1) fraud in the Sheriff's sale of the property, (2) the Sheriff lacked authority to make the sale, or (3) the judgment underlying the execution was void on its face. *Id.* at 80.

Here, Homeowner filed an untimely Petition to Set Aside the Sheriff's Sale and Deed because it was filed more than one and an half years after the Sheriff delivered the deed on October 27, 2017. Homeowner's Petition was post-delivery of the deed and thus patently untimely. *See* Homeowner's Petition, Exhibit "I," The Sheriff's Deed. Moreover, none of the

-3-

three narrow exceptions to the general rule of untimeliness apply. There was no fraud in the Sheriff sale, the Sheriff had the authority to make the sale, and the underlying April 26, 2017 final order granting summary judgment was valid on its face.[3] *See supra* Sections A and B. Therefore, the trial court properly denied Homeowner's Petition to Set Aside Sheriff's Sale and Deed.

CONCLUSION

Based on the foregoing, the Superior Court should affirm the June 20, 2019 order.

BY THE COURT:

_____

DANIEL J. ANDERS, JUDGE
Dated: August 20, 2019

---

[3] Likewise, the trial court properly denied Homeowner's Petition to Vacate the June 7, 2017 Writ of Execution. The Writ of Execution was properly issued on the basis of a valid judgment. Therefore, this claim of error is also meritless.

-4-