J-A31044-14

2015 PA Super 15

| MANUFACTURERS AND TRADERS TRUST CO., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREENVILLE GASTROENTEROLOGY, SC, PETER S. KIM, AND ANGELA R. KIM, | |
| Appellants | No. 708 MDA 2014 |

Appeal from the Judgment entered May 7, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2010-CV-154254-CV

BEFORE:  BOWES, OTT, and STABILE, JJ.

OPINION BY STABILE, J.:                    **FILED JANUARY 22, 2015**

In 2011, the trial court in this case granted reconsideration of a final order even though more than 30 days had passed since the order's entry. That final order sustained the preliminary objections of Appellants, Greenville Gastroenterology, SC, Peter S. Kim, and Angela R. Kim, and dismissed this case for lack of personal jurisdiction.  A court lacks authority to grant reconsideration of a final order more than 30 days after its entry. Therefore, the trial court's granting of reconsideration and all subsequent proceedings in this case are void, including the entry of judgment in favor of Appellee, Manufacturers and Traders Trust Co. (M&T Bank), after a non-jury trial.  We vacate and remand for entry of judgment in Appellants' favor.

This case is a dispute over the lease of a laser hair-removal machine to Appellants. The Kims are Illinois residents, and Greenville Gastroenterology is an Illinois business. In 2007, Appellants agreed to lease the machine from De Lage Landen Financial Services (M&T Bank's predecessor in interest). M&T Bank sued Appellants, alleging they defaulted on the lease.

Appellants filed preliminary objections for lack of personal jurisdiction. As Illinois residents, they claimed they lacked specific or general contacts with Pennsylvania. Also, they argued that any consent-to-jurisdiction clause in the lease (the copy attached to the complaint was illegible) was unenforceable. M&T Bank filed an amended complaint with a legible lease copy, and Appellants renewed their preliminary objections. After receiving briefs and hearing argument, the trial court sustained Appellants' preliminary objections and dismissed this suit for lack of personal jurisdiction on May 23, 2011.

Twenty-nine days later, M&T Bank simultaneously filed a motion to reconsider and a notice of appeal.[1] On July 7, 2011, the trial court issued a statement instead of a Rule 1925(a) opinion:

> This court, after re-examining the record, believes that Reconsideration is appropriate. However, because this [c]ourt did not receive the Motion for Reconsideration until after the thirty days allotted by 42 Pa.C.S.A. § 5505 expired, we were

_____

[1] The appeal was docketed in this Court at No. 1091 MDA 2011.

unable to grant said Motion. This court requests that the Superior Court grant it the opportunity to reconsider the decision.

Trial Court Statement, 7/7/11. On July 27, 2011, M&T Bank discontinued its appeal in this Court. On August 16, 2011—**85 days after it dismissed this action**—the trial court granted M&T Bank's motion to reconsider, vacated the May 23, 2011 order, and overruled Appellants' preliminary objections.

Appellants moved to vacate the August 16, 2011 order as void *ab initio*. The trial court denied the motion,[2] compelling Appellants to file an answer with new matter, in which they again challenged the trial court's authority to reconsider the May 23, 2011 order. Afterwards, the case proceeded to a non-jury trial. The trial court entered a $191,098.22 decision in M&T Bank's favor. On April 15, 2014, the trial court denied Appellants' post-trial motions. Appellants appealed to this Court.

Appellants raise three issues for review:

1. Whether a trial court loses subject matter jurisdiction over a civil action if it does not grant reconsideration of its order dismissing the case until more than 80 days after the dismissal order and the only stated reason for granting reconsideration is to reverse what it believes to have been an erroneous holding?

2. Whether a written contract is unenforceable as illegible where the plaintiff suing on said contract (a) judicially admits in its

---

[2] On Appellants' request, the trial court certified its order under 42 Pa.C.S.A. § 702(b) and Pa.R.A.P. 1311. This Court denied Appellants' petition for permission to appeal at No. 86 MDM 2011.

complaint that the illegible contract attached to the complaint, supposedly contained the material terms as to jurisdiction, breach, and remedies, is a "true and correct copy"; and (b) introduces insufficient evidence at trial to carry its burden of proof as to legibility?

3. Whether the proper measure of damages for a lessee's breach of a finance lease is the discounted present value of unpaid executory rental payments at the time of breach, less the fair market value of the equipment, where that is the measure of damages set forth in the lease and/or where that measure is reasonable under the circumstances?

Appellants' Brief at 3.

Appellants' first question raises an issue of jurisdiction. They contend the trial court lacked jurisdiction to reconsider the May 23, 2011 order after more than 30 days passed. For ease of discussion, we will divide M&T Bank's counterargument into three propositions. First, M&T Bank argues that the plain language of 42 Pa.C.S.A. § 5505 granted the trial court the ability to reconsider the May 23, 2011 order, because M&T Bank filed and discontinued its appeal of that order. Second, M&T Bank contends the trial court's untimely granting of reconsideration was a valid exercise of its equitable powers. Third, M&T Bank argues that the trial court had inherent authority to correct its mistake in sustaining Appellants' preliminary objections.

"The time within which a trial court may grant reconsideration of its orders is a matter of law . . . ." *Estate of Haiko v. McGinley*, 799 A.2d 155, 158 (Pa. Super. 2002). Similarly, we review a trial court's decision following a non-jury trial for, *inter alia*, an error of law. *McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 646 (Pa. Super. 2013) (quotation omitted). For

questions of law, our standard of review is *de novo*, and our scope of review is plenary. *See Mazurek v. Russell*, 96 A.3d 372, 378 (Pa. Super. 2014).

The Judicial Code states the general rule regarding a court's authority to modify final orders:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.[3] We must read § 5505 in context with its common law underpinning. At common law, a court lost the power to open or modify a final judgment in a contested matter when the term of court of the judgment's entry ended.[4] *Great Am. Credit Corp. v. Thomas Mini-Mkts.,*

---

[3] Section 5505 applies only to final orders. *Hutchison* ex rel. *Hutchison v. Luddy*, 611 A.2d 1280, 1288 (Pa. Super. 1992), *appeal dismissed as moot*, 649 A.2d 435 (Pa. 1994). The May 23, 2011 order dismissed this action entirely and, therefore, no party disputes its finality. *See* Pa.R.A.P. 341(b)(1) (A final order is, *inter alia*, any order that "disposes of all claims and of all parties[.]").

[4] Terms of court were "those times or seasons of the year, which [were] set apart for the despatch of business in the superior courts of common law." *Horton v. Miller*, 38 Pa. 270, 271 (1861). English courts had four annual terms of court (Hilary, Easter, Trinity, and Michaelmas) corresponding to the ecclesiastical calendar. *Id.* In Pennsylvania, the General Assembly established terms of court by statute. *See, e.g.,* Act of May 22, 1722, 1 Sm. L. 131, §§ 2, 11, 21 (setting terms of court for provincial Pennsylvania's supreme and inferior courts). Terms of court are historical anachronisms that the Judicial Code abolished in 1978. 42 Pa.C.S.A. § 324. Section 5505 is a substantial reenactment of a 1959 act, and the reference to "term of court" is vestigial.

*Inc.*, 326 A.2d 517, 518-19 (Pa. Super. 1974). Section 5505 ameliorates the common law rule by extending a court's authority to modify a final order to 30 days following its entry, even where a term of court has expired.

> Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final]. A judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days. Thereafter, the judgment cannot normally be modified, rescinded or vacated. Similarly, it cannot be "opened."

> This doctrine, respecting judgments entered [in adverse proceedings], has a very definite function, namely, to establish a point at which litigants, counsel and courts ordinarily may regard contested lawsuits as being at an end. A contested action yields a judgment in which the value of finality is greatest. There has been a decision following an examination of the critical issues through bilateral participation of the parties . . . . For all the reasons that finality of judgments is important, such a judgment should be invulnerable **except upon a showing of extraordinary miscarriage**.

*Simpson v. Allstate Ins. Co.*, 504 A.2d 335, 337 (Pa. Super. 1986) (*en banc*) (internal quotations and citations omitted) (emphasis added) (alteration in original).

If no appeal is filed, a court may, under § 5505, rescind or modify a final order if it gives notice to the parties. Even if an appeal is timely filed, a court may grant a party's motion to reconsider a final order, but only if (1) a motion to reconsider is filed within the appeal period; and (2) the court **expressly grants** reconsideration within the appeal period. Pa.R.A.P. 1701(b)(3). If a court fails to act on a timely reconsideration motion within

- 6 -

the appeal period, it loses jurisdiction to do so.  **Simpson**, 504 A.2d at 337.

That happened in this case, where the trial court did not expressly grant

M&T Bank's 29th-day reconsideration motion within the one remaining day

that it had jurisdiction to do so.

In defense of the trial court's actions, M&T Bank first argues that its

appeal removed § 5505's 30-day limitation on the trial court's authority to

act.  **See** Appellee's Brief at 12-13 ("Under a plain reading of the [statute],

the taking of a timely appeal should by itself remove the 30 day

limitation.").  M&T Bank cites no authority in support, and we reject this

argument as absurd.  If M&T Bank were correct, merely filing an appeal

would give a trial court authority to modify final orders *ad infinitum*.  The

argument ignores the plain meaning of § 5505, which merely restates the

principle that an appeal divests a lower court of jurisdiction, except as

otherwise provided by law.  **See also** Pa.R.A.P. 1701 (restating the rule that

an appeal divests a lower court of jurisdiction, and setting forth limited

exceptions).

A court's inability to modify or rescind final orders outside of 30 days,

however, is not absolute.  Our cases have referred to several circumstances

under which a trial court may modify a final order after more than 30 days

have passed: "extrinsic fraud, lack of jurisdiction over the subject matter, a

fatal defect apparent on the face of the record or some other evidence of

'extraordinary cause justifying intervention by the court.'"  **ISN Bank v.**

**Rajaratnam**, 83 A.3d 170, 172 (Pa. Super. 2013).

A court may open at any time a judgment procured by fraud. For example, in *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327, 334-35 (Pa. Super. 1999), we held that a trial court had the authority to modify a final *in rem* judgment five years after its entry. Because of the defendant's use of aliases and corporate alter egos, fraudulent court filings, frivolous bankruptcy and removal petitions, and dilatory tactics, the original judgment amount no longer reflected what he owed to the plaintiffs. *Id.*

"Extraordinary cause" refers to "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Orie v. Stone*, 601 A.2d 1268, 1271 (Pa. Super. 1992) (quotation omitted) (emphasis removed), *appeal dismissed as improvidently granted*, 622 A.2d 286 (Pa. 1993). For example, in *Estate of Gasbarini v. Medical Center of Beaver County, Inc.*, 409 A.2d 343, 344-45 (Pa. 1979), unbeknownst to the plaintiff, her attorney had been suspended from the practice of law when the defendants successfully argued for dismissal of the case on their preliminary objections. Our Supreme Court held the trial court could reopen the otherwise final judgment, because "it would be harsh, indeed, to hold that [the plaintiff's] possible cause of action be lost forever because of the conduct of an attorney this court has deemed unfit for the practice of law in this Commonwealth." *Id.* at 345.

Similarly, in **Great American Credit**, this Court approved the untimely opening of a judgment where court oversight deprived the defendants of notice of the commencement of the appeal period. There, the court or its staff misplaced the defendant's request for an extension of time to respond to the plaintiff's summary judgment motion. **Great Am. Credit Corp.**, 326 A.2d at 518-19. The defendants believed their request had been granted, but the court instead granted the plaintiff's motion as unopposed. **Id.** at 519. We held that it would be inequitable to make the defendants pay for the court's oversight. **Id.**; **see also Jackson** ex rel. **Sanders v. Hendrick**, 746 A.2d 574, 577-78 (Pa. 2000) (Opinion Announcing the Judgment of the Court) (ruling it would be inequitable for litigant to forfeit its appellate rights where trial court orally granted reconsideration within appeal period but failed to file a written order memorializing its action).

As noted above, "extraordinary cause" is limited in nature. So, for example, mistakes or ordinary neglect by counsel do not constitute extraordinary circumstances. **Stockton v. Stockton**, 698 A.2d 1334, 1338 (Pa. Super. 1997); **see Estate of Gasbarini**, 409 A.2d at 345; **Simpson**, 504 A.2d at 337-38 ("An oversight by counsel in failing to appeal does not constitute 'extraordinary cause' which permits a trial court to grant relief from a final judgment entered in a contested action.").

We have also held that extraordinary cause does not exist where a party has notice of the entry of a final order. For example in, **Luckenbaugh v. Shearer**, 523 A.2d 399, 400 (Pa. Super. 1987) (*en banc*), the trial court

untimely reconsidered its decision to dismiss an action for the plaintiffs' discovery violation (their failure to respond to interrogatories). *Id.* at 401. We held the trial court's reason for granting reconsideration, a potential "postal mishap" that prevented the plaintiffs from timely delivering their discovery responses, was not extraordinary cause. *Id.*; *see also Orie*, 601 A.2d at 1272 (holding that no extraordinary cause existed where the garnishee was aware of final order's entry, evinced by his timely filed—**but not timely granted**—reconsideration motion); *Simpson*, 504 A.2d at 338 (finding error in untimely opening contested judgment without any showing of extraordinary circumstances).

We reject M&T Bank's claim that the trial court induced it to discontinue its prior appeal. Any reliance by M&T Bank on the trial court's statement is not reasonable. The trial court requested **this Court** to grant it the ability to reconsider a final order out of time. Contrary to M&T Bank's assertion, the statement contained neither a "directive" nor a "request" for M&T Bank to discontinue its appeal. To the extent M&T Bank mistakenly relied on the trial court's statement, such mistakes are not "extraordinary cause." *See Stockton*, 698 A.2d at 1338; *Simpson*, 504 A.2d at 337-38.

M&T Bank provides no support for its assertion that this Court would have reversed the trial court's May 23, 2011 order had M&T Bank not discontinued its appeal. That contention misses the point. M&T Bank's appeal was the only way to reverse the May 23, 2011 order after the time to grant reconsideration expired. Any legal mistake by the trial court cannot be

the basis for permitting untimely reconsideration. If it were, then appeals would never be necessary, and the finality of judgments would be meaningless.

> As often remarked, **relief on the basis of mistake is not a substitute for an appeal**. Affording such relief instead of relegating the aggrieved party to an appeal has the effect of extending the time when a judgment's finality is uncertain, for the time within which such a relief may be sought is longer than the time permitted to take an appeal. Providing such relief would also confuse the role of the trial court with that of an appellate court.

Restatement (Second) of Judgments § 71 cmt. f;[5] *cf. Clark v. Troutman*, 469 A.2d 328, 330 (Pa. Cmwlth. 1983) (*en banc*) ("That the judgment was a result of a misinterpretation of law does not alter its finality."), *rev'd on other grounds*, 502 A.2d 137 (Pa. 1985); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because [it is] based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].") (quotation omitted).

M&T Bank's reliance on *Jackson* is misplaced, because it is distinguishable and, as a plurality opinion,[6] nonbinding precedent. In

---

[5] Restatement (Second) of Judgments § 71(2)(b)'s reference to a mistake "certain to result in reversal" on appeal refers to the narrow situation of a supervening change in the law occurring after the time to file post-trial motions expires, but before the time to appeal expires.

[6] The lead opinion represents the views of three justices. Three different justices concurred, and would have resolved the appeal using the Rules of

*(Footnote Continued Next Page)*

- 11 -

*Jackson*, the trial court expressly, albeit only orally, granted reconsideration within the appeal period. *Jackson*, 746 A.2d at 575-77. In contrast, here the trial court explicitly recognized that the expiration of the appeal period divested it of jurisdiction to grant reconsideration. Trial Court Statement, 7/7/11 (citing 42 Pa.C.S.A. § 5505).

*Great American Credit* is also distinguishable. There, the trial court's oversight deprived the defendant of notice that it had entered a final order, triggering the appeal period. *Great Am. Credit Corp.*, 326 A.2d at 519 & n.5. Here, M&T Bank has never alleged it was unaware that the trial court sustained Appellants' preliminary objections. Its filing of a timely appeal evinces awareness of the trial court's action. *Cf. Orie*, 601 A.2d at 1272 ("It is obvious that [the garnishee] was aware of the entry of judgment on September 11, 1990, since on September 27, 1990, well within the appeal period, he presented the Petition to Vacate the September 11, 1990 order."). "Extraordinary cause" means actions, other than mere neglect by counsel, that deprive a litigant of notice of the entry of a final order and, therefore, the commencement of the appeal period. *Witherspoon v. Wal-Mart Stores, Inc.*, 814 A.2d 1222, 1225 n.4 (Pa. Super. 2002);

_____

*(Footnote Continued)*

Appellate Procedure, not broad equitable principles. *Jackson*, 746 A.2d at 578 (Zappala, J., concurring).

*Luckenbaugh*, 523 A.2d at 401. M&T Bank cannot meet that standard here.[7]

Finally, we come to a court's inherent authority to correct mistakes. In addition to its equitable power to reconsider an otherwise final order after 30 days, a court has inherent power "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record" at any time. *Manack v. Sandlin*, 812 A.2d 676, 680 (Pa. Super. 2002); *see* Pa.R.A.P. 1701(b)(1) (recognizing a trial court's inherent authority to "correct formal errors" in the record notwithstanding a pending appeal). However, "[a] major substantive change, such as the total withdrawal of an order relative to a motion of record does not constitute a corrective order within the inherent powers of the trial court or the court's statutory authority." *Manack*, 812 A.2d at 682. "Absent a specific rule or statute, the only exception is to correct obvious technical mistakes (*e.g.*, wrong dates) **but no substantive changes can be made**." *Ettleman v. Cmwlth. Dep't of Transp.*, 92 A.3d 1259, 1262 (Pa. Cmwlth. 2014) (emphasis added). The ability to correct orders is

_____

[7] In *Great American Credit*, we stated that "(T)he power of the Common Pleas (court) to open its judgments is most ample, and the policy requires its liberal use . . . ." *Great Am. Credit Corp.*, 326 A.2d at 519 (quoting *Hambleton v. Yocum*, 108 Pa. 304, 309 (1885)) (alterations in original). The quotation is, unfortunately, taken out of context. It refers to judgments entered by confession or default—not judgments entered in contested actions. *See Hambleton*, 108 Pa. at 309.

limited to errors that are patent or obvious on the face of the record. *ISN Bank*, 83 A.3d at 172-73. In the criminal context, our Supreme Court has noted that if this inherent power were extended beyond obvious, patent errors, it would swallow § 5505's general rule. *Commonwealth v. Holmes*, 933 A.2d 57, 66 (Pa. 2007). It is the obviousness of the mistake—not the mistake itself—which triggers the court's inherent authority. *See id.*

Here, the trial court's granting of reconsideration cannot be placed within its inherent authority to correct mistakes or errors. That inherent authority does not allow a court to make substantive changes after more than 30 days have passed. *Manack*, 812 A.2d at 682; *accord Ettleman*, 92 A.3d at 1262. Here, the trial court's complete reversal of its prior order is unquestionably a substantive change.

In sum, the trial court lacked authority to grant reconsideration of the May 23, 2011 order dismissing this action because it did so 85 days later. That order became a final judgment when M&T Bank discontinued its appeal in this Court. The trial court's subsequent granting of reconsideration and all further proceedings in this case are void. Our resolution of Appellants' first issue is dispositive, and we do not need to address the remaining issues. We vacate the judgment entered in M&T Bank's favor. We remand this matter to the trial court with instructions to enter judgment in Appellants' favor based on the May 23, 2011 final order dismissing this action.

Judgment vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2015