J-A11004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MOSES BAILEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMY PHAM AND QUANG LEE, | |
| Appellants | No. 2526 EDA 2015 |

Appeal from the Judgment Entered October 2, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): December Term, 2013, No. 00059

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 29, 2016**

Appellant, Amy Pham ("Pham"),[1] appeals from the judgment entered in favor of Appellee, Moses Bailey ("Bailey"), on October 2, 2015.  We affirm.

This case arises from a May 4, 2012 automobile accident where the car Pham was driving collided with the car Bailey was driving.  The trial court provided the following additional background:

> On May 4, 2012, sixty-five year old … Bailey was involved in a car accident in Philadelphia. [Bailey] got out of his car unassisted and felt, "a little dizzy, little woozy." He went by ambulance to Einstein Hospital where he reported neck pain. He received a CT scan and X-Ray and was released. [Bailey] sought

---

* Former Justice specially assigned to the Superior Court.

[1] Quang Lee, while named in the underlying complaint and the caption herein, was dismissed from this case by the trial court and is not a party to this appeal.

treatment at Philadelphia Pain Management on May 21, 2012, seventeen days after the accident. He continued treatment at Philadelphia Pain Management until May 4, 2013.

In November, 2012, [Bailey] commenced this action against [Pham] and Mr. Quang Lee. Quang Lee was dismissed from the case by agreement. After five days of trial, on January 30, 2015, the jury returned a verdict finding that [Pham] was negligent, and that her negligence was a factual cause of any harm to [Bailey]. The jury awarded zero dollars in damages.

This Trial Court erroneously described the outcome as a "Jury Verdict in Favor of [Pham]." The docket entries reflected the error as Jury Verdict in favor of [Pham]. After considering [Bailey's] Motion to Correct the Docket Entries to Reflect that the [Bailey] Was the Verdict Winner, and [Pham's] Opposition thereto, this Court filed an Order, dated July 20, 2015, granting [Bailey's] Motion. It was further Ordered that [Bailey] was given leave to file a Bill of Costs pursuant to Philadelphia Local Rule of Civil Procedure *227.5, which allows costs to the prevailing party in a litigation.

Trial Court Opinion, 10/2/0/15, at 1.  The jury reached its verdict on January 29, 2015, but judgment was not entered on the verdict until October 2, 2015.  Pham filed a timely notice of appeal on October 28, 2015.

On appeal, Pham raises a single issue for this Court's consideration: did the trial court err in granting Bailey's motion to correct the docket entries to reflect that Bailey was the verdict winner after the jury rendered a verdict in favor of Pham.  Pham's Brief at 8.  After review, we affirm.

Pham asserts that the trial court may not "alter a jury's verdict absent a showing that the verdict is capricious, against the weight of the evidence, and resulted in a miscarriage of justice."  Pham's Brief at 6 (citing

***Vogelsberger v. Magee-Womens Hosp. of UPMC Health System***, 903

A.2d 540, 563 (Pa. Super. 2006)). We conclude, however, that in the case at bar, the trial court did not alter the jury's verdict. Rather, the trial court ensured that the jury's verdict, as opposed to the trial court's clerical error, was recorded.

First, we point out that the "prevailing party" is the party in whose favor judgment is rendered, **regardless of the amount of damages awarded**. *Waller Corp. v. Warren Plaza, Inc.*, 95 A.3d 313, 317 (Pa. Super. 2014) (citation omitted) (emphasis added). As will be discussed below, Bailey was the verdict winner and judgment was clearly entered for Bailey on this basis.

Contrary to Pham's argument, the jury did not render a verdict in her favor. Instead, the record reveals that at the conclusion of the trial, the jury found Pham negligent, Pham's negligence was the factual cause of harm to Bailey, and it awarded $0.00 in damages. Jury Verdict Sheet, 1/29/15. This verdict sheet was signed by the jury foreperson. *Id*. However, despite the jury's verdict in favor of Bailey, the trial court erroneously recorded on its trial worksheet: "Jury verdict in favor of Defendant Amy Pham." Trial Worksheet, 1/30/15. This errant notation was then recorded on the docket.

The next docket entry reflects that Bailey filed a motion for post-trial relief requesting a new trial or *additur*, claiming that the award of zero damages bore no rational relationship to the evidence. Motion, 2/16/15. In response, Pham filed a motion to strike Bailey's motion as untimely. Motion,

2/25/15. On June 15, 2015, the trial court denied Bailey's motion for post-trial relief. Despite being found negligent and the cause of Bailey's harm by the jury, on June 18, 2015, Pham filed a bill of costs.

It was at this point that Bailey discovered the trial court's clerical error in recording the verdict.[2] Thus, Bailey filed a motion to correct the docket to reflect that, while the jury awarded zero damages, Bailey was, nevertheless, the verdict winner. Motion, 6/24/15, at unnumbered 1. It was the trial court's trial worksheet that listed the wrong party as verdict winner, and this error was carried over and recorded on the docket. *Id*. Bailey also averred that, as the verdict winner, he was the prevailing party and it was he, rather than Pham, who was entitled to costs. *Id*. at unnumbered 2 (citing ***Smith v. Rohrbaugh***, 54 A.3d 892, 897 (Pa. Super. 2012) (stating "that costs inherent in a law suit are awarded to and should be recoverable by the prevailing party.")). On July 20, 2015, the trial court entered an order

_____

[2] While there is a dearth of authority specific to the issue presented, we are nevertheless satisfied that the trial court had jurisdiction to correct the obvious clerical error in the verdict. "[A] court has inherent power to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record at any time." ***Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 921 (Pa. Super. 2015) (quotation marks omitted); ***see also*** Pa.R.A.P. 1701(b)(1) (discussing a trial court's authority to correct patent errors in the verdict even after an appeal is filed).

granting Bailey's motion and directed the prothonotary to correct the docket entries to reflect that Bailey was the verdict winner. Order, 7/20/15.[3]

While this case is unusual, it is not complex. After reviewing the record, and based on the procedural history discussed above, we conclude that the trial court did not, as Pham alleges, alter the verdict. Rather, the trial court corrected the verdict sheet and docket to properly reflect that the jury found against Pham and awarded zero damages. Simply stated, the jury found in favor of Bailey. However, despite the jury's conclusion and the jury's verdict sheet, the trial court, on its worksheet, inadvertently checked the wrong box and noted that Pham was the verdict winner. This was a clear clerical error. The trial court, once it was aware of the mistake, properly corrected it. *See Maize v. Atlantic Refining Co.*, 41 A.2d 850, 854 (Pa. 1945) (discussing that when, through a clerical error on part of trial court, the verdict as recorded was not what the jury concluded, the trial court had authority to correct the recorded verdict to reflect the jury's true verdict).

Because the verdict was in Bailey's favor, Bailey was the prevailing party. Accordingly, we affirm the entry of judgment in favor of Bailey.

---

[3] On July 21, 2015, Bailey filed a bill of costs requesting $1,988.46 as he was the prevailing party. Pham filed exceptions, and on August 4, 2015, Pham filed a premature appeal to this Court. As noted above, judgment was finally entered on October 2, 2015, and Pham's appeal was perfected.

Judgment affirmed.

Judge Mundy joins this Memorandum.

Justice Fitzgerald Notes Dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2016