2023 PA Super 204

| | | |
|---|---|---|
| IN RE: FRANK JONES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: SUTTONPARK | : | |
| STRUCTURED SETTLEMENTS LLC | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1576 MDA 2022 |

Appeal from the Order Entered September 12, 2022
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
11843 of 2016

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED: OCTOBER 13, 2023**

SuttonPark Structured Settlements LLC ("SuttonPark") appeals from the order entered in the Court of Common Pleas of Luzerne County, which granted the petition of Frank Jones ("Jones") to vacate a transfer order entered under Pennsylvania's Structured Settlement Protection Act ("SSPA"), 40 P.S. §§ 4001-4009.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: After Jones suffered a personal injury, litigation and a settlement followed whereby Jones received a structured settlement annuity issued by Metropolitan Life Insurance Company ("Metropolitan Life").  Specifically, under the structured settlement, Jones was to receive 72 monthly payments of $2,598.56 (from November 28, 2021, to October 28, 2027).  However, in an effort to receive one lump sum

_____

[*] Former Justice specially assigned to the Superior Court.

payment, under the SSPA, Jones entered into a purchase agreement with Advance Funding LLC ("Advance Funding") to transfer his rights to the future structured settlement payments to Advance Funding in exchange for a lump sum purchase price of $75,000.00.[1]

On November 22, 2016, Jones, who was *pro se*, and Advance Funding, who was represented by counsel, jointly filed a "Petition to Transfer Structured Settlement Pursuant to 40 P.S. § 4001 *et seq*." Therein, Jones and Advance Funding requested the trial court approve their purchase agreement as described *supra* regarding "the sale of the structured settlement payment stream." Petition, filed 11/22/16, at 2. They indicated Advance Funding had provided Jones with a Disclosure Statement pursuant to 40 P.S. § 4003, and it would be in Jones' best interest for the trial court to approve the purchase agreement since Jones desired to purchase a home, an automobile, and

---

[1] Relevantly, under the SSPA, a "payee" is defined as a person who "is receiving tax-free payments under a structured settlement and proposes to make a transfer of payment rights thereunder." 40 P.S. § 4002. A "transferee" is defined as "[t]he party acquiring or proposing to acquire structured settlement payment rights through a transfer." *Id.* A "transfer agreement" is defined as "[t]he agreement providing for transfer of structured settlement payment rights from a payee to a transferee." *Id.* The SSPA provides that no transfer of structured settlement payments may occur unless "the payee has filed a petition requesting such transfer and the petition has been granted by final order or decree of a court of competent jurisdiction[.]" 40 P.S. § 4003(a).

In the case *sub judice*, Jones was the payee, and he entered into a transfer agreement with Advance Funding as the transferee. Thereafter, as discussed *infra*, the trial court granted the parties' petition requesting the transfer, and Advance Funding then assigned its rights under the transfer agreement to SuttonPark.

automobile insurance. Moreover, the parties noted Advance Funding would be transferring its interests to a designated assignee.

Thus, Jones and Advance Funding indicated they "request the [trial] court to approve and authorize the sale of a structured settlement payment stream between [Metropolitan Life] and Jones to be sold and transferred to Advance Funding's LLC's designated assignee." Petition, filed 11/22/16, at 2.

By order entered on January 25, 2017, the trial court granted the petition to transfer the structured settlement agreement. Specifically, the trial court relevantly indicated:

1. Payee has established that the transfer is in the best interest of the Payee or the Payee's dependents;

2. Based on the certification by an attorney for Transferee, and the court having not been made aware of any statute, regulation or order that would be incompatible with the proposed order, the transfer will not contravene any applicable federal or state statute or regulation, or the order of any court or administrative authority;

3. The transfer complies with the remaining requirements of the Structured Settlement Protection Act, including Section 3(a)(2), 3(a)(4), 3(a)(5), and 3(a)(6);

4. The payments are to be transferred to Transferee's assignee, payable pursuant to annuity policy bearing policy number **** ("Annuity Policy") and are designated as follows:

   Seventy-Two (72) monthly payments of $2,598.56 due on or about November 28, 2021, and the 28th of each month thereafter, through and including October 28, 2027, increasing at a rate of 3% per annum each November 28th ("Assigned Payments").

5. The terms of this order shall survive the death of the Payee and shall be binding on the Payee's heirs, beneficiaries, and assigns.

6. The Payee shall receive from the Transferee, as soon as is practicable following receipt of a non-appealable final order the

amount of $75,000.00, from which no funds are owed for counsel fees, administrative fees, or other costs, fees, or expenses.

Trial Court Order, filed 1/25/17, at 1-2.

On July 7, 2022, Jones filed a counseled "Petition for an Order Striking the Judgment and Vacating the Order of [the trial] court [entered on] January 25, 2017." Therein, Jones relevantly averred:

3. [Advance Funding] did not pay the purchase price to Jones as required by paragraph 6 of the [trial court's January 25, 2017,] transfer order.

4. Because [Advance Funding] did not pay the purchase price to Jones, the transfer violated the Pennsylvania Structured Settlement Protection Act[.]

5. Jones has attempted to contact [Advance Funding] on many occasions and [Advance Funding] has failed to respond.

6. Upon information and belief, [Advance Funding] is no longer in business. Several default judgments have been entered against [Advance Funding] in New York.

7. Further, the principal of [Advance Funding], Dan Cevallos, is a convicted felon, and was barred from acting as a broker by the Financial Industry Regulatory Authority ("FINRA").

8. [Advance Funding's] "assignee"…is SuttonPark[.]

9. Upon information and belief, SuttonPark is receiving periodic payments from the annuity issuer (Metropolitan Life) in the amount of $2,598.56 per month, and has to date, received these monthly payments since November 28, 2021.

\*\*\*

12. Upon information and belief, both the annuity issuer (Metropolitan Life) and the obligor (Metropolitan Tower Resources Group, Inc.) received notice of the 2017 transfer petition and the transfer order, as required by 40 [P.S.] § 4004.

\*\*\*

14. In a case in New Jersey with a similar fact pattern, the transfer order was recently vacated. *In re Tavarez*, 2021 N.J. Super. Unpub. Lexis 1062 (Superior Court of New Jersey, Law Division,

- 4 -

Bergen County, Docket No. BER-L-4041-16). That case also involved Advance Funding, SuttonPark, and Metropolitan Life[.]

15. Court approval of the transfer petition was specifically premised upon Jones' receipt of $75,000.00. Jones did not receive the $75,000.00[.]

Jones' Petition, filed 7/7/22, at 1-3 (citations to record omitted).

Jones requested the trial court vacate the January 25, 2017, transfer order, strike any judgment, and restore the periodic structured payments to Jones. Specifically, Jones requested the trial court direct Metropolitan Life to resume making monthly payments to Jones and direct SuttonPark to return to Jones each payment it had received from Metropolitan Life with regard to this matter. In essence, Jones requested the trial court restore him to his original position as if the January 25, 2017, transfer order had never been issued.

On September 9, 2022, SuttonPark filed a response in opposition to Jones' petition. Therein, SuttonPark acknowledged that, after the trial court entered the January 25, 2017, transfer order, Advance Funding "assigned to [SuttonPark] its right, title, and interest in and to the Annuity Payments." SuttonPark's Response, filed 9/9/22, at 1.

Moreover, regarding the trial court's January 25, 2017, transfer order, SuttonPark averred the trial court lacked jurisdiction to vacate the transfer

order.[2]    In this regard, SuttonPark reasoned that the January 25, 2017, transfer order was a final order, and pursuant to 42 Pa.C.S.A. § 5505, the trial court lost jurisdiction to modify or rescind the January 25, 2017, transfer order thirty days after which it was entered.   SuttonPark averred that, if Advance Funding failed to comply with the January 25, 2017, transfer order, Jones' only recourse was to file a petition to enforce the terms of the January 25, 2017, transfer order, yet Jones did not request such relief from the trial court.

On September 12, 2022, the matter proceeded to a hearing,[3] and by order entered on that same date, the trial court vacated the January 25, 2017, transfer order, struck any judgment that had been entered on January 25, 2017, ordered Metropolitan Life to resume making the periodic payments under the annuity contract to Jones, and directed SuttonPark to return to Jones all periodic payments it had received in this matter.   The trial court specifically indicated its order was intended to "restore the parties to their original positions as though the transfer order [entered on] January 25, 2017, had never been issued."  Trial Court Order, filed 9/12/22, at 1.

On October 5, 2022, SuttonPark filed a notice of appeal.   On October 20, 2022, the trial court directed SuttonPark to file a Pa.R.A.P. 1925(b)

---

[2] SuttonPark also averred the trial court did not enter a judgment on January 25, 2017, and thus, to the extent Jones requested the striking of a judgment, there was no basis for the request.

[3] The hearing consisted of legal argument by the attorneys without testimony from the parties.

statement, SuttonPark timely complied, and on December 14, 2022, the trial court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, SuttonPark sets forth the following issues in its "Statement of Questions Involved":

A. Did the trial court err as a matter of law when it granted the petition because the trial court lacked jurisdiction to vacate the January 25, 2017, Order ("the 2017 Order")?

B. Did the trial court err as a matter of law when it granted the petition because Jones failed to allege any legally recognized grounds for vacating the 2017 Order, including, without limitation, Jones' misplaced reliance on the Structured Settlement Protection Act ("the SSPA"), 40 P.S. §§ 4001 *et seq.*, ***In re Tavarez***, No. BER-L-4041-16, 2021 N.J. Super. Unpub. LEXIS 1062 (N.J. Super. Ct., Bergen County, April 16, 2021), and inapplicable principles of equity?

C. Did the trial court err as a matter of law when it granted the petition because Jones failed to create any evidentiary record from which the trial court could determine that the 2017 Order should be vacated?

D. Did the trial court err as a matter of law when it granted the petition because the petition sought to "strike a judgment" and the 2017 Order did not contain a "judgment"?

E. Did the trial court err as a matter of law when it granted the petition because Jones failed to file a brief in support of his petition as required by Luzerne County Local Rules of Civil Procedure?

F. Did the trial court err as a matter of law when it concluded that SuttonPark lacked standing to contest the petition?

SuttonPark's Brief at 6 (suggested answers and footnote omitted).

In its first issue, SuttonPark contends the trial court did not have jurisdiction to vacate the January 25, 2017, transfer order. Specifically, SuttonPark avers the January 25, 2017, transfer order was a final order, and

thus, under 42 Pa.C.S.A. § 5505, the trial court lost its jurisdiction to vacate the transfer order thirty days after its entry. Accordingly, SuttonPark argues that, when Jones filed his petition to vacate on July 7, 2022, the trial court no longer had jurisdiction to vacate the order under 42 Pa.C.S.A. § 5505.

Jones, on the other hand, argues the trial court had the authority to vacate the January 25, 2017, transfer order based on "extraordinary cause" and/or extrinsic fraud.

Whether the trial court had the authority to vacate the transfer order is a matter of law. *See Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 917 (Pa.Super. 2015). "For questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Id.*

The Judicial Code governs a trial court's authority to modify final orders as follows:

> **§ 5505. Modification of orders**
> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505 (bold in original).

Under Section 5505, a trial court may, generally, within its discretion, modify or rescind an order within thirty days from the date of its entry. *See id.*

After the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court.

**Stockton v. Stockton**, 698 A.2d 1334, 1337 (Pa.Super. 1997) (quotation marks and quotation omitted).

In the case *sub judice*, the trial court suggested it had the authority to vacate the January 25, 2017, transfer order based on "extraordinary cause." Relevantly, the trial court acknowledged the SSPA places the trial court in the "position of a guardian who stands in the place of the payee" where "companies persuade recipients who have little or no skills in handling money to trade some or all of their future payments." Trial Court Opinion, filed 12/14/22, at 3-4. Since the transferee "lures" a payee "into assigning future payments for far less than their actual value," trial courts are tasked with ensuring the best interest of the payee is being met. *Id.* at 4.

However, as this Court has recognized:

Requiring a judge to serve as guardian to protect the interests places the judge in unfamiliar territory. Generally, the petition to transfer payment is unopposed with plaintiff-payee wanting to transfer payments so that it can receive payments for what he or she considers in its best interests, whether it is or not, and the factoring company wanting it approved so it can make the most money. That requires the trial judge to make an independent determination of whether the sale is in the best interests of the…payee based on economic factors that it is not within its ken and with parties who are not that forthcoming. Moreover, this determination is made even more difficult because the proceedings are non-adversarial, with no factual development and competing positions to inform its judgment as would be the usual.

- 9 -

It depends on the forthrightness and good faith of counsel to provide all the information available for the judge to make an informed decision on what is in the best interests of the…payee to avoid fraud on the court.

**Barber v. Stanko**, 258 A.3d 438, 442 (Pa.Super. 2021).

In the case *sub judice*, the trial court suggested that, since it stood as a guardian for the payee (Jones) in determining whether to approve the initial transfer agreement, it did so as well after the transfer agreement was approved. Trial Court Opinion, filed 12/14/22, at 3-4. Further, recognizing the above excerpt from **Barber**, **supra**, the trial court determined that, in the instant case, although it was not clear at the time the court approved the transfer agreement, the *pro se* payee (Jones) was "taken advantage of" by the transferee (Advance Funding). Specifically, the trial court noted that, after the approval of the transfer agreement, Advance Funding received monies from assigning the future payments to a third party (SuttonPark) without turning the promised monies over to the payee (Jones). Advance Funding then ignored Jones' inquiries about the $75,000.00 payment.

The trial court noted it relied on the representations of Advance Funding's counsel when it approved the transfer agreement on January 25, 2017, and given the lack of forthrightness, which became apparent after the court approved the transfer agreement, the trial court had extraordinary cause justifying its intervention more than thirty days after the entry of the order

approving the transfer agreement.[4]  We agree and find no error of law.  **See**

***Stockton***, ***supra****.*

Next, we address SuttonPark's second and third issues, which are

intertwined.  Specifically, in its second issue, SuttonPark avers the trial court

erred in vacating the January 25, 2017, transfer order since Jones did not

prove any legal grounds for doing so.  In its third issue, SuttonPark avers

Jones failed to create any evidentiary record supporting the trial court's

vacating of the transfer order.

Initially, regarding SuttonPark's claim that there is no evidentiary

record, we note that, on September 12, 2022, the trial court held a hearing

regarding Jones' July 7, 2022, petition to vacate the January 25, 2017,

_____

[4] Further, we note the trial court suggested "extraordinary cause" exists
because the January 25, 2017, transfer order was "confusing" as to whether
it was the final order or whether a subsequent order was going to be entered.
**See** Trial Court Opinion, filed 12/14/22, at 8.  Although the January 25, 2017,
transfer order appears to have resolved all claims and all parties, the transfer
order provided that "[t]he Payee shall receive from the Transferee, as soon as
is practicable **following receipt of a non-appealable final order** the
amount of $75,000.00[.]" Trial Court Order, filed 1/25/17, at 2 (emphasis
added).
　　　We agree with the trial court that the transfer order is "confusing" in
that it fails to provide notice to Jones (the *pro se* payee) whether the January
25, 2017, transfer order was the final order or whether Jones should await the
entry of a subsequent order. This confusion also provides "extraordinary
cause" justifying the trial court's intervention.  **See Manufacturers &**
**Traders Trust Co.**, **supra** (holding that extraordinary cause exists where a
party does not have notice of a final order or there is an oversight or action
on the part of the court or judicial process operating to deny a party of
knowledge of the entry or understanding of a final order).

- 11 -

transfer order. During the September 12, 2022, hearing, Jones and Suttonpark were represented by separate counsel.

Moreover, during the hearing, and as otherwise clear from the record, there was no dispute that Jones entered into the transfer agreement with Advance Funding whereby Advance Funding was to pay Jones a lump sum of $75,000.00, and, in exchange, Advance Funding had the right to receive the periodic payments from the structured settlement with Metropolitan Life. N.T., 9/12/22, at 7. The parties stipulated that Advance Funding assigned its right to receive the periodic payments under the transfer agreement to SuttonPark. *Id.* at 7-10.

Further, there was no dispute that Jones never received the lump sum of $75,000.00 from either Advance Funding or SuttonPark, despite the fact SuttonPark was receiving from Metropolitan Life the periodic payments from the structured settlement. *Id.* at 4, 8. It is clear from the record the parties did not dispute the material facts in this matter; but rather, they disputed the application of the law to the facts.[5]

Regarding the application of the law, as the trial court determined, and as contemplated by the initial November 22, 2016, petition to transfer, as well

---

[5] Additionally, Jones attached eight exhibits to his July 7, 2022, petition, including Jones' sworn and notarized affidavit; copies of six default judgments entered against Advance Funding in six separate cases; a report from the Financial Industry Regulatory revealing that the principal of Advance Funding, Dan Cevallos, is a convicted felon who is barred from acting as a broker by FINRA; and caselaw upon which Jones relied.

as the January 25, 2017, transfer order, Advance Funding assigned its rights under the transfer order to SuttonPark.

"An assignment is a transfer of property or a right from one person [or entity] to another; unless qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee." ***Legal Capital, LLC. v. Medical Professional Liability Catastrophe Loss Fund***, 561 Pa. 336, 750 A.2d 299, 302 (2000). "Under the law of assignments, the assignee stands in the same shoes as the assignor. An assignment does not confer on the assignee any greater rights than those possessed by the assignor." ***Etter v. Industrial Valley Bank & Trust Co.***, 515 A.2d 6, 9 (Pa.Super. 1986) (citations, quotation marks, and quotation omitted).

As the trial court determined in the case *sub judice*:

> Advance Funding executed an assignment of Advance Funding's rights as outlined in the structured settlement [transfer] order to SuttonPark[.] There is no doubt that Sutton Park paid monies to Advance Funding. [However,] Jones was never paid his full consideration. There isn't any dispute that Jones wasn't paid and the assignment by Advance Funding of its right(s) to payment is predicated by Jones being paid. As assignment of a contract right grants the assignee no greater rights than the assignor possesses. ***See Smith v. Cumberland Group Limited***, 687 A.2d 1167 (Pa.Super. 1997). Since Jones wasn't paid [under the transfer of the structured settlement], the assignment by Advance Funding to SuttonPark is void. SuttonPark's right to payment is no greater than Advance Funding, whose failure to pay Jones negates the assignment by Advance Funding to SuttonPark. ***See Smith***, ***supra***.

Trial Court Opinion, filed 12/14/22, at 8.

We agree with the trial court's sound reasoning. SuttonPark's assignor, Advance Funding, did not pay Jones, and, therefore, failed to perform under the January 25, 2017, transfer order. Consequently, under the applicable law regarding assignments, if Advance Funding is not entitled to the future stream of periodic payments because of its failure to perform, its assignee, SuttonPark, is also not entitled to the future stream since the "assignee stands in the same shoes as the assignor." *Etter*, 515 A.2d at 9. Accordingly, given Advance Funding's non-performance, and the trial court's role as a "guardian" under the SSPA, we conclude the trial court did not err in vacating the January 25, 2017, transfer order.

In its fourth issue, SuttonPark avers the trial court erred as a matter of law when it granted Jones' July 7, 2022, "Petition for an Order Striking the Judgment and Vacating the Order of [the trial] court [entered on] January 25, 2017" since no judgment was entered on January 25, 2017. SuttonPark's entire appellate argument is as follows (verbatim):

> The Petition sought to "strike the judgment" entered by the 2017 Order. Similarly, the Order on Appeal entered by the Trial Court purported to "strike the judgment" of the 2017 Order. The 2017 Order, however, does not enter a judgment. Rather, according to its plain language, it granted [Jones'] Petition to Transfer Structured Settlement Pursuant to 40 P.S. §§ 4001 *et seq.* Thus, the Trial Court erred as a matter of law and/or abused its discretion by granting the Petition and "striking the judgment" of the 2017 Order.

SuttonPark's Brief at 25-26 (citations to reproduced record omitted).

- 14 -

As is evident, SuttonPark's one paragraph argument is not meaningfully developed and consists of bald assertions of error without citation to relevant legal authority. *See* Pa.R.A.P. 2111(a).

In any event, in his July 7, 2022, petition, Jones requested various forms of relief, including that the trial court "vacate the transfer order approving the Transfer Petition[.]" Jones' Petition, filed 7/7/22, at 4. In its September 12, 2022, order, the trial court directed that the "transfer order dated January 25, 2017, is hereby vacated[.]" Trial Court Order, filed 9/12/22. Accordingly, SuttonPark is not entitled to relief on its fourth issue.

In its fifth issue, SuttonPark contends the trial court erred in granting Jones' July 7, 2022, petition since, after the trial court issued a rule to show cause, Jones, the moving party, failed to file a brief in support of his petition.

SuttonPark claims Jones' failure to file a brief violated Luzerne County local rule 206.4(c)(C)(a), which provides as follows:

> Once a rule to show cause has been issued and a return date has been assigned, the moving party shall file the executed rule to show cause indicating the assigned return date, the underlying motion/petition, a comprehensive brief in support, a proposed order, and certificate of service with the Clerk of Judicial Records and shall, within three (3) days, serve a time-stamped copy of the aforementioned upon all opposing parties, and deliver a copy to the Office of Court Administration.

Luzerne County Rule of Civil Procedure 206.4(c)(C)(a).

SuttonPark further notes the Luzerne County Rules provide that "[i]f the moving party fails to file a comprehensive brief in support, as required by this Rule, the opposing party may present a motion to dismiss to Motions Court

- 15 -

for dismissal of the matter." Luzerne County Rule of Civil Procedure 206.4(c)(C)(c)(1).[6]

The interpretation and application of local rules of civil procedure presents a question of law. ***See Keller v. Mey***, 67 A.3d 1 (Pa.Super. 2013). "Accordingly, to the extent that we are required to interpret a rule of civil procedure, our standard of review is *de novo*, and our scope of review is plenary." ***Id.*** at 5 (citation omitted).

Here, the record reveals Jones did not file a brief after the trial court issued its rule to show cause. However, we agree with the trial court that Jones' detailed petition, along with the eight exhibits including case law and analysis that he attached thereto, provided SuttonPark, as well as the trial court, with notice of Jones' legal positions and the undisputed facts.

The Luzerne County Rules of Civil Procedure provide that, in interpreting the rules, the court "does not intend a result that is absurd…or unreasonable[.]" Luzerne County Rules of Civil Procedure 128(a). Here, the trial court determined that, given Jones' extensive filings, which provided ample notice to SuttonPark and assisted the trial court in its decision-making abilities, it would be "unreasonable" to grant SuttonPark's request to dismiss.

_____

[6] As indicated *supra*, SuttonPark filed a response in opposition to Jones' July 22, 2017, petition. Therein, SuttonPark noted Jones violated the local rules by failing to file a brief, and, at the conclusion of the September 12, 2022, hearing, SuttonPark made an oral motion to dismiss due to Jones' failure to file a brief. N.T., 9/12/22, at 12-13. The trial court denied the motion. ***Id.*** at 13.

We conclude the trial court properly declined to elevate "form over function," and thus, we find no merit to this claim. ***See Bainhauer v. Lehigh Valley Hospital***, 834 A.2d 1146 (Pa.Super. 2003) (holding that in interpreting a trial court's local rules of civil procedure we may not elevate form over function).

In its final issue, SuttonPark claims the trial court erred in indicating in its Pa.R.A.P. 1925(a) opinion that SuttonPark "lacks standing in the dispute between Jones and Advance Funding." Trial Court Opinion, filed 12/14/22, at 11. Assuming, *arguendo*, the trial court's passing statement is incorrect, we dispose of this issue by noting the trial court considered in depth the arguments presented in SuttonPark's objection in opposition to Jones' July 7, 2022, petition, the legal arguments made by SuttonPark during the September 12, 2022, hearing, and the case law submitted by SuttonPark. Simply put, as it pertains to Jones' petition to vacate the transfer order, notwithstanding the trial court's passing statement in its Rule 1925(a) opinion, the trial court treated SuttonPark as if it had standing in this matter. Thus, SuttonPark has not demonstrated it was prejudiced by the trial court's passing statement in its advisory Rule 1925(a) opinion.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/13/23