J-S18033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANDRE LARNELL TURK | : | No. 1545 WDA 2024 |

Appeal from the Order Entered October 28, 2024
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000621-2023

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: JULY 21, 2025**

The Commonwealth of Pennsylvania appeals from the order entered by the Court of Common Pleas of Mercer County denying its motion for reconsideration *nunc pro tunc* of the trial court's order granting the omnibus pretrial motion of Appellee Dandre Larnell Turk. We are constrained to affirm.

On July 28, 2023, Appellee was charged with two counts of possession of a controlled substance with intent to deliver (PWID) and related charges. We glean the following information from the prosecution's affidavit of probable filed with its complaint. In early 2023, Appellee was the subject of surveillance by Pennsylvania State Police investigators who suspected that Appellee was a potential source of narcotics. Based on the investigation, troopers conducted a detention of Appellee's vehicle on April 26, 2023. When Trooper Joel

_____

[*] Former Justice specially assigned to the Superior Court.

Sterniak approached, he noted a smell of marijuana emanating from the vehicle. Trooper Sterniak indicated that Appellee consented to a search of the vehicle, during which the troopers discovered fentanyl and crack cocaine.

After Appellee was charged in this case, on June 3, 2024, Appellee filed an omnibus pretrial motion, in which he challenged the legality of the detention, subsequent arrest, and the search of his vehicle. Appellee also asked for the suppression of statements he made to police during the detention. The trial court issued a rule to show cause upon the prosecution to explain why Appellee's motion should not be granted.

On August 5, 2024, the Commonwealth filed a motion to continue the hearing scheduled on Appellee's omnibus pretrial motion. The Commonwealth represented that the affiant of the complaint, Trooper Michael Greiner, was unavailable for the hearing as he was out of the country for military training. The Commonwealth averred that Trooper Greiner's testimony was necessary for the pretrial motion hearing as he was involved in the initial surveillance of Appellee which led to the investigatory stop of his vehicle. The trial court granted the Commonwealth a continuance and rescheduled the hearing for September 3, 2024.

At the time of the rescheduled hearing on September 3, 2024, the prosecutor made an oral request for another continuance as the Commonwealth had not secured Trooper Greiner's presence for the hearing. The prosecutor stated that:

> We moved to continue this last month to this date because Trooper Greiner had been in the military overseas on active duty. Trooper Joel Sterniak indicated that he would be back, hopefully, within the month. We did reach out … We did send a subpoena to Trooper Greiner's barracks on August 27th… Trooper Greiner did not get back to us at all, had not contacted us, and is not present today.

> Given that it's a serious case, Possession with Intent to Deliver 70-some grams of Fentanyl and other drugs, a large extensive investigation, and the fact that Trooper Greiner had been in the military overseas on active duty, I would request a continuance of this hearing.

Notes of Testimony (N.T.), 9/3/24, at 2.

Appellee objected to the Commonwealth's second continuance request, contending this was the same reason that the prosecution gave for the first continuance request. When the trial court asked the prosecution if another trooper could fill in for Trooper Greiner for the purpose of the pretrial motion hearing, the prosecutor indicated that he was not sure of that possibility.

The trial court refused to grant the continuance and indicated in open court that it would grant Appellee's omnibus pretrial motion given that the Commonwealth failed to produce any evidence at the hearing. The prosecutor expressed his intent to file an appeal contending that the trial court's ruling terminated or substantially handicapped the prosecution. Thereafter, the trial court issued an order dated September 3, 2024 and entered September 4, 2024 granting Appellee's omnibus pretrial motion. The Commonwealth did not file an appeal.

On October 17, 2024, the Commonwealth filed a motion for reconsideration *nunc pro tunc* of the trial court's September 4, 2024 order

seeking a new hearing on Appellee's omnibus pretrial motion. The prosecution attached Trooper Greiner's deployment orders which demonstrated that he was unavailable for the September 3, 2024 hearing as he was on active duty in Malaysia from July 27, 2024 to September 4, 2024. The Commonwealth averred that it had not received Trooper Greiner's deployment orders until October 15, 2024.

On October 18, 2024, the trial court entered an order granting the Commonwealth's motion for reconsideration *nunc pro tunc*, vacating its order granting Appellee's omnibus pretrial motion, and scheduling a new hearing for November 5, 2024.

However, on October 22, 2024, Appellee filed a reply to the Commonwealth's motion for reconsideration *nunc pro tunc*. Appellee argued that the Commonwealth failed to show due diligence as it waited until October 17, 2024 to file its request for reconsideration when Trooper Greiner had returned home weeks earlier on September 4, 2024. Appellee also argued that although Trooper Greiner's testimony would have been important for the Commonwealth to meet its burden of production and persuasion, Appellee alleged that the Commonwealth could have offered the testimony of Trooper Gary Knott who was also involved in the pretrial investigation of Appellee.

Thereafter, the trial court entered an order on October 28, 2024, vacating its October 18, 2024 order granting the Commonwealth's request for reconsideration *nunc pro tunc* and also granting "the previous orders

regarding the motion by [Appellee]." Order, 10/28/24, at 1. This timely appeal followed.

The Commonwealth argues that the trial court abused its discretion in denying its motion for reconsideration *nunc pro tunc* of the trial court's decision to deny the prosecution's second request for a continuance and grant Appellee's omnibus pretrial motion. The Commonwealth asserts that the trial court should have exercised its equitable power to grant reconsideration to prevent injustice given the unavailability of Trooper Greiner for the omnibus pretrial hearing.

Section 5505 of the Judicial Code provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

Our courts have clarified that as a general rule, Section 5505 "precludes the entry of an order modifying a final order more than thirty days after its entry." **Commonwealth v. Thompson**, 333 A.3d 461, 469 (Pa.Super. 2025) (citations omitted). "A judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days. Thereafter, the judgment cannot normally be modified, rescinded or vacated. Similarly, it cannot be 'opened.'" **Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC**, 108 A.3d 913, 918 (Pa.Super. 2015).

However, our courts have recognized limited circumstances in which a trial court may modify a final order more than thirty days after its filing: "extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of 'extraordinary cause justifying intervention by the court.'" **Id.** at 919 (quoting **ISN Bank v. Rajaratnam**, 83 A.3d 170, 172 (Pa.Super. 2013)).

Our courts have found that "[e]xtraordinary cause 'is generally an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party.'" **Manufacturers & Traders Tr. Co.**, 108 A.3d at 919 (citation omitted). In other words, "'[e]xtraordinary cause" means actions, *other than mere neglect by counsel*, that deprive a litigant of notice of the entry of a final order and, therefore, the commencement of the appeal period." **Id**. at 919-921 (emphasizing that mistakes or ordinary neglect by counsel do not constitute extraordinary circumstances).

The Commonwealth argues that extraordinary circumstances exist to justify the trial court's modification *nunc pro tunc* of its order granting Appellee's omnibus pretrial motion as the prosecution's key witness, Trooper Greiner, was out of the country on military orders on the date of the suppression hearing on September 3, 2024. The Commonwealth argues that Trooper Greiner was unavailable despite the fact that he had been subpoenaed to appear for the hearing. The Commonwealth emphasizes that Trooper

Greiner's testimony regarding his surveillance of Appellee was paramount to establishing that the investigatory stop of Appellee's vehicle was justified by the requisite cause.

However, the Commonwealth does not argue that extraordinary circumstances exist that deprived the prosecution of notice of the entry of the trial court's order denying its motion for continuance and granting Appellee's omnibus pretrial motion. ***Manufacturers & Traders Tr. Co.***, ***supra***. The Commonwealth concedes that it had notice of the trial court's September 4, 2024 order granting Appellee's omnibus pretrial motion. Further, the Commonwealth fails to explain why it did not appeal the trial court's order or timely file for reconsideration even though Trooper Greiner returned to the country on September 4, 2024.

The trial court correctly denied the Commonwealth's request for *nunc pro tunc* relief as the Commonwealth demonstrated that the delay in filing for timely reconsideration was merely caused by the prosecutor's ordinary neglect. The trial court emphasizes that the Commonwealth had a full thirty days to file for reconsideration after Trooper Greiner returned to the country on September 4, 2024. Nevertheless, the prosecutor assigned to this case admits that his "attempts to contact Trooper Greiner were few and far between" due to the prosecutor's "work schedule" involving other criminal trials. Commonwealth's Brief, at 15. While the Commonwealth heavily relies on the fact that Trooper Greiner did not provide his deployment orders to the prosecution until October 15, 2024, the prosecutor concedes that he was only

"able to reach out to Trooper Greiner via email on October 3rd, 2023, the final day for timely reconsideration." *Id.*

The prosecution's failure to seek prompt and effective communication with the state police to promptly determine Trooper Greiner's availability and whereabouts does not demonstrate that extraordinary circumstances existed to warrant the grant of *nunc pro tunc* relief.

For the foregoing reasons, we affirm the trial court's order denying the Commonwealth's motion for reconsideration *nunc pro tunc* of its grant of the Appellee's omnibus pretrial motion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/21/2025